**UNITED STATES DISTRICT COURT**
**IN THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBBIE PITTMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GAVRIELI BRANDS, LLC,<br><br>Defendant. | ) | Case No. 1:25-cv-7938<br><br>District Judge Jeremy C. Daniel<br><br>Magistrate Judge Maria Valdez |

**GAVRIELI BRANDS, LLC'S CROSS-MOTION**
**FOR ATTORNEYS' FEES AND COSTS AND FOR SANCTIONS**

Defendant Gavrieli Brands, LLC, ("Gavrieli") respectfully moves for an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 12205, and for sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent power. In support of this Motion, Defendant incorporates its separate memorandum of law and states as follows:

1. Plaintiff filed this website accessibility complaint on July 14, 2025, one of 44 nearly identical website lawsuits she has filed in this Court since March 17, 2025. (ECF No. 1.) Her counsel has filed more than 1,200 similar lawsuits in federal courts across the country, including 765 in this district alone, since August 12, 2024. Although these lawsuits are purportedly intended to eliminate access barriers to the online shopping experience for visually impaired individuals, in truth, these lawsuits are simply a systematic effort to abuse the legal system, all in a designed scheme to force quick monetary settlements from businesses across the country.

2. In light of Plaintiff and her counsel's egregious misconduct in this case, and because previous sanction awards against Plaintiff and her counsel have not been a sufficient deterrent,

Plaintiff's motion to voluntarily dismiss this action with prejudice should be denied to the extent it seeks an order that each party should bear its own costs and sanctions should be awarded in favor of Defendant against both Plaintiff and her counsel.

3. Plaintiff should be ordered to pay Defendant's attorneys' fees and costs as a sanction because (1) this lawsuit was frivolous when commenced; (2) she continued to pursue the case after receiving unrebutted evidence that the purported accessibility barriers did not exist; (3) Plaintiff's counsel acted in bad faith during the discovery process, and (4) Plaintiff's counsel's pattern of egregious misconduct continues even after being sanctioned in previous cases.

4. For the reasons set forth in the accompanying memorandum of law and supporting declaration, Defendant is entitled to recover its attorneys' fees and costs pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, 28 U.S.C. § 1927 and the Court's inherent power to award sanctions.

WHEREFORE, for the reasons set forth in this Motion and the accompanying memorandum of law and supporting declaration, Defendant Gavrieli Brands, LLC respectfully requests that the Court issue an Order: (a) denying in part Plaintiff's motion to voluntary dismiss the complaint with prejudice by declining Plaintiff's request that each party bear its own fees and costs, (b) granting the instant cross-motion for attorneys' fees and sanctions, and (c) granting Defendant leave to file a supplemental petition seeking recovery of attorneys' fees and costs incurred since September 24, 2025, including attorneys' fees incurred in responding to Plaintiff's instant motion and filing the instant cross-motion, together with such other and further relief as the Court deems just and proper.

Dated: July 17, 2026

Respectfully submitted,

GAVRIELI BRANDS, LLC

By: /s/ Sandy L. Morris
One of Their Attorneys

Ross M. Greenky (NY Reg. No. 5320106)
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
(315) 425-2700
rgreenky@barclaydamon.com

and

Sandy L. Morris (IL ARDC No. 6270309)
Valentine Austriaco & Bueschel P.C.
300 E. Randolph St., Suite 3400
Chicago, Illinois 60601
(312) 288-8285
smorris@vablawfirm.com
*Counsel for Defendant Gavrieli Brands, LLC*

**CERTIFICATE OF SERVICE**

I, Sandy L. Morris, an attorney, hereby certify that on this 17th day of July 2026, a copy of the foregoing was filed electronically. Parties may access this filing through the court's system.

/s/ *Sandy L. Morris*