# Exhibit L

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DEBBIE PITTMAN, on behalf of herself and all others similarly situated,

*Plaintiffs*,

- against -

GAVRIELI BRANDS, LLC,

*Defendant.*

Case No. 1:25-cv-7938

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), Defendant Gavrieli Brands, LLC ("Gavrieli" or "Defendant"), by and through its attorneys, Barclay Damon LLP, hereby requests that Plaintiff Debbie Pittman ("Plaintiff") answer the following Interrogatories separately and fully, in writing, and under oath, within thirty (30) days after the date of service of these Interrogatories.

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "you," "your," or "Plaintiff" as used within this First Set of Interrogatories means the Plaintiff Debbie Pittman, and shall include her attorneys, accountants, consultants, experts, representatives, and/or agents.

2. The terms "Defendant" or "Gavrieli" as used within this First Set of Interrogatories means Defendant Gavrieli Brands, LLC, and shall include its accountants, consultants, or representatives, officers, directors, employees, agents, and/or servants and its predecessors, and/or successors, together with any alleged divisions and alleged subsidiaries thereof.

3. The term "person" means any natural person or any business, legal, or governmental entity or association.

4. The term "concerning" means referring to, describing, or evidencing.

5. The term "document, electronically stored information, or tangible thing," as used herein, shall mean and include the originals, regardless of location, and all documents comprehended within that term as utilized in Rule 34 of the FRCP including, without limitation, all documents, papers, writings, opinions, reports, orders, work papers, worksheets, letters, correspondence, cables, telegrams, telecopies facsimiles, telexes, photographs, negatives or slides, charts or diagrams, layouts, memoranda, diaries, time records, books, accounts, notes, notebooks, records of conversations, computer punch card printouts, publications, contracts, agreements, minutes, statements, bills, checks, check stubs, canceled or returned checks, receipts, invoices, pamphlets, periodicals, interoffice communications, intra-company communications, and any written, recorded, graphic, or other tangible records of any kind, however produced or reproduced, and all drafts, carbon copies, and file copies of any of the foregoing. The term "document, electronically stored information, or tangible thing" also specifically includes documents (such as e-mail, word processing files, and other computerized data) which may exist only in electronic form, and which may be stored on any medium from which such information can be obtained, including but not limited to, flash drives, USB drives, data cards, universal media readers, desktop computers, laptop computers, external hard drives, thumb drives, zip drives, servers, Internet data storage sites, disks, CD-ROMs, PDAs, BlackBerrys, iPhone, cellular phones, smart phones, iPods, iPads, tablets, digital communication, or storage devices, as well as photographs, sound recordings, images, and other data or data compilation stored. You are required to identify all documents, electronically stored information, or tangible things that are in your actual or constructive possession, custody or control, including your attorneys. A draft or non-identical copy is a separate document within the meaning of this term.

6. The term “electronic device” means any medium on which information is stored electronically, including but not limited to flash drives, USB drives, data cards, universal media readers, desktop computers, laptop computers, external hard drives, thumb drives, zip drives, servers, Internet data storage sites (e.g., Dropbox, etc.), disks, CD-ROMs, PDAs, BlackBerrys, cellular phones, smart phones, iPhones, iPods, iPads, tablets, digital communication or storage devices, as well as photographs, sound recordings, images, and other data or data compilation stored.

7. When referring to a person, “to identify” means to give, to the extent known, the person’s full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. When referring to documents, “to identify” means to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

9. The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word includes the plural and vice versa.

11. If you are unable to answer fully any Interrogatory, please answer it to the fullest extent possible, specifying each reason for the inability to respond to the remainder of the Interrogatory, and stating what information, knowledge, or belief you have concerning the unanswerable portion. An evasive or incomplete answer is deemed to be a failure to answer and

may subject you, your attorney, or both to liability under Rule 37 of the FRCP for expenses for a motion brought pursuant to that Rule.

12. If, after answering any interrogatory, you obtain or become aware of any further information responsive to these interrogatories, you are required to supplement your responses and to provide Defendant with such additional information.

13. If you believe that any of the following interrogatories calls for an assertion of a claim of privilege, you are required to state the grounds upon which such claim of privilege is based with sufficient specificity to permit a determination of the propriety of such claim.

14. If, for reasons other than privilege, you refuse to respond to any Interrogatory, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

## INTERROGATORIES

**INTERROGATORY NO. 1.** State the name, address, and telephone number for each person Plaintiff may call as a witness to testify at the trial of this lawsuit, and for each person who otherwise has knowledge of the underlying facts of Plaintiff's claims and/or Gavrieli's defenses in this lawsuit.

**INTERROGATORY NO. 2.** Identify each person contacted or interviewed by Plaintiff or on Plaintiff's behalf concerning any of the facts or issues involved in this lawsuit, and for each such person, include the following information: (a) the date and location of the contact or interview; (b) the name, address, and telephone number of each person present at the conversation or interview; and (c) the substance of each person's personal knowledge of the facts or issues involved in this lawsuit.

**INTERROGATORY NO. 3.** State the author, date, and current location of all documents, electronically stored information, or tangible things which Plaintiff believes to be relevant to any of the facts and issues in this lawsuit and/or which Plaintiff may otherwise offer into evidence at the trial.

**INTERROGATORY NO. 4.** With reference to each person Plaintiff expects to call as an expert witness at trial, please state: (a) name; (b) profession or occupation and address; (c) relationship to Plaintiff, if any; (d) the subject matter on which said individual is expected to testify; (e) the substance of the facts and opinions as to which each said individual is expected to testify; (f) a summary of the grounds for each opinion; (g) the individual's relevant qualifications, training, education, and experience, if any; and (h) the identity of any documents or reports referred to or relied upon by such individual.

**INTERROGATORY NO. 5.** State with specificity the computation of any category of damages which you claim to have suffered, including the basis for such claimed damages, as a result of Gavrieli's alleged conduct as described in the Complaint.

**INTERROGATORY NO. 6.** Describe in detail the condition(s) or impairment(s) that Plaintiff alleges renders her disabled under the Americans with Disabilities Act ("ADA"), as alleged in Plaintiff's Complaint.

**INTERROGATORY NO. 7.** If Plaintiff is attempting to claim punitive damages as part of her claim for damages under the ADA or for negligent infliction of emotional distress, please identify any conduct which Plaintiff claims supports a claim for punitive damages, including, but not limited to: (a) who engaged in such conduct; (b) when the alleged conduct or statements occurred; (c) what conduct or statements support Plaintiff's claim for punitive damages; (d) where the purported conduct or statements which support Plaintiff's claim for punitive damages occurred;

(e) who else was present when the alleged purported conduct or statements which support Plaintiff's claim for punitive damages occurred; and (f) what documents exist which support Plaintiff's claim for punitive damages.

**<u>INTERROGATORY NO. 8.</u>** Identify the name and address of each and every physician, health care provider, hospital, health care facility, or other entity or person who has provided treatment, examination, or consultation to Plaintiff, or from whom Plaintiff has sought such treatment, examination, or consultation from January 1, 2020 until the present for the condition or impairment that Plaintiff claims renders her disabled, as alleged in the Complaint.

**<u>INTERROGATORY NO. 9.</u>** Identify any ballet flats, other than ballet flats on Gavrieli's website, which Plaintiff has attempted to purchase since January 1, 2025, including, but not limited to: (a) the name of the ballet flats, (b) the business and/or website from which Plaintiff attempted to purchase the ballet flats, (c) the date(s) on which Plaintiff attempted to purchase the ballet flats, (d) whether Plaintiff actually purchased the ballet flats, and (e) if Plaintiff has not purchased any ballet flats to date, the reason for not doing so.

**<u>INTERROGATORY NO. 10.</u>** If Plaintiff is claiming that she had some problem, difficulty, frustration, or embarrassment (collectively, "Access Barriers") when she used or attempted to use or access Defendant's website, then for each date that Plaintiff used, attempted to use, or accessed the website, describe in detail the page or subpage that she encountered Access Barriers, the specific date(s) she encountered Access Barriers, and, for each such date(s), state the webpage address (URL) for the location on the website where she encountered Access Barriers, and describe in detail the Access Barriers that Plaintiff experienced.

**<u>INTERROGATORY NO. 11.</u>** For any alleged Access Barriers that Plaintiff encountered, state: (a) whether Plaintiff examined her keyboard or screen-reading software for any issues or

deficiencies; and (b) whether on or after May 13, 2025, Plaintiff attempted to access Gavrieli's website, including to complete her purchase of the desired ballet flats, using any assistive technologies other than Job Access with Speech.

**INTERROGATORY NO. 12.** Have you ever been involved as a party or witness in any other litigation, action, complaint, proceeding, or lawsuit in federal or state court, or before an administrative or governmental agency which involved claims of discrimination under the ADA or a claim for negligent infliction of emotional distress? If "yes", please identify: (a) the litigation, action, complaint, or proceeding; (b) whether you participated as a party or witness; (c) the outcome of the litigation, action, complaint, or proceeding; and (d) any monetary award, injunctive relief, or other compensation you received in connection with the litigation, action, complaint, or proceeding.

**INTERROGATORY NO. 13.** Identify the make, model, and year of any electronic device, program, and/or software that Plaintiff used to access Gavrieli's website, and identify the person or entity who or that supplied Plaintiff with such device(s), program(s), and/or software.

**INTERROGATORY NO. 14.** Identify the address that Plaintiff was physically located on the date(s) she accessed Gavrieli's website.

**INTERROGATORY NO. 15.** Using each internet network and each electronic device Plaintiff used to access Gavrieli's website, state the IP address for each of said electronic devices and the date(s) that Plaintiff used said electronic devices to access Gavrieli's website.

**INTERROGATORY NO. 16.** State whether Plaintiff contacted, or attempted to contact, Gavrieli regarding the alleged deficiencies on Gavrieli's website prior to filing this action.

**INTERROGATORY NO. 17.** With respect to your claim for negligent infliction of emotional distress, identify by name and address each physician, health care provider, hospital,

health care facility, or other entity or person who has provided treatment, examination, or consultation to Plaintiff, or from whom Plaintiff has sought such treatment, examination, or consultation as a result of emotional distress, and include in your answer the number of times you were treated by such provider, the date(s) of each treatment, the diagnoses of any condition, and any specific treatment(s) you have received from each provider.

**INTERROGATORY NO. 18.** If, as alleged in the Complaint, the desired ballet flats were already in Plaintiff's shopping cart on Gavrieli's website, state why it was necessary to further review the contents of the cart to complete the purchase of the desired ballet flats.

**INTERROGATORY NO. 19.** Identify any purported Access Barriers which are currently impacting Plaintiff's ability to purchase the desired pair of ballet flats on Gavrieli's website.

**INTERROGATORY NO. 20.** State whether Plaintiff has visited Gavrieli's website at any time since May 13, 2025. If not, please state: (a) the reason that Plaintiff has not visited Gavrieli's website if, as alleged in the Complaint, she "still wants to purchase ballet flats on the website," and "will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it"; and (b) the basis, if any, that Plaintiff claims a real and immediate threat of future injury.

**DATED:** October 23, 2025

**BARCLAY DAMON LLP**

By: *__/s/ Ross M. Greenky__*
Ross M. Greenky

Attorneys for Defendant
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DEBBIE PITTMAN, on behalf of herself and all others similarly situated,

*Plaintiffs*,

- against -

GAVRIELI BRANDS, LLC,

*Defendant.*

Case No. 1:25-cv-7938

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, Defendant Gavrieli Brands, LLC ("Gavrieli") hereby requests and demands that Plaintiff Debbie Pittman ("Plaintiff") produce the following documents, electronically stored information, or tangible things for inspection and copying within thirty (30) days from the date of this request, at the offices of Barclay Damon LLP, Barclay Damon Tower, 125 E. Jefferson Street, Syracuse, New York 13202.

## DEFINITIONS AND INSTRUCTIONS

A. The terms "Plaintiff," "you" or "your" refer to Plaintiff Debbie Pittman, and shall include her attorneys, accountants, consultants, experts, representatives, and/or agents.

B. The terms "Defendant" or "Gavrieli" means Defendant Gavrieli Brands, LLC, and shall include its accountants, consultants, or representatives, officers, directors, employees, agents, and/or servants and its predecessors, and/or successors, together with any alleged divisions and alleged subsidiaries thereof.

C. The term "person" means any natural person or any business, legal, or governmental entity or association.

D. The term "concerning" means referring to, describing, or evidencing.

E. The term “communication” means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

F. The term “document, electronically stored information, or tangible thing” is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and specifically includes documents (such as e-mail, word processing files, and other computerized data) which may exist only in electronic form, and which may be stored on any medium from which such information can be obtained, including but not limited to flash drives, USB drives, data cards, universal media readers, desktop computers, laptop computers, external hard drives, thumb drives, zip drives, servers, Internet data storage sites (e.g., Dropbox, etc.), disks, CD-ROMs, PDAs, BlackBerrys, cellular phones, smart phones, iPhones, iPods, iPads, tablets, digital communication or storage devices, social media, as well as photographs, sound recordings, images, and other data or data compilation stored. You are required to identify all documents, electronically stored information, or tangible things that are in your actual or constructive possession, custody or control, including your attorneys. A draft or non-identical copy is a separate document within the meaning of this term.

G. The term “electronic device” means any medium on which information is stored electronically, including but not limited to flash drives, USB drives, data cards, universal media readers, desktop computers, laptop computers, external hard drives, thumb drives, zip drives, servers, Internet data storage sites (e.g., Dropbox, etc.), disks, CD-ROMs, PDAs, BlackBerrys, cellular phones, smart phones, iPhones, iPods, iPads, tablets, digital communication or storage devices, as well as photographs, sound recordings, images, and other data or data compilation stored.

H. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all documents and/or things that might otherwise be construed to be outside of its scope.

I. The use of the singular form of any word includes the plural and vice versa.

J. If, after responding to any request, you obtain or become aware of any further documents or things responsive to these requests, you are required to supplement your responses and to provide the Defendant with such additional documents or things.

K. If you believe that any of the following requests call for an assertion of a claim of privilege, you are required to prepare a "privilege log" listing the following information for each document or part thereof withheld on such a basis: (i) the request to which the document is responsive; (ii) the title or general subject matter of the document; (iii) the type of document (*e.g.*, letter, memorandum, note, report, etc.); (iv) the date of the document; (v) the name of the author of the document; (vi) the person(s) for whom the document was prepared, to whom it was sent, and who received copies; (vii) whether any non-privileged or non-protected matter is included in the document; and (viii) the nature and the basis for the claim of privilege.

L. If, for reasons other than privilege, you refuse to produce documents or withhold documents sought in any request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

M. Whenever you object to a particular request, or portion thereof, you must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

N. Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents, electronically stored information, or tangible things referred to in the Complaint.

**REQUEST NO. 2:** All documents, electronically stored information, or tangible things concerning your claims and/or the allegations in the Complaint.

**REQUEST NO. 3:** All documents, electronically stored information, or tangible things referred to in Plaintiff's Rule 26(a)(1) Disclosure.

**REQUEST NO. 4:** All documents, electronically stored information, or tangible things referred to in your responses to Gavrieli's First Set of Interrogatories.

**REQUEST NO. 5:** All documents, electronically stored information, or tangible things concerning any communication(s) by you or on your behalf with any person or entity which refer or relate to: (a) the fact that you are suing Gavrieli; or (b) your claim or belief that Gavrieli has engaged in any unlawful conduct.

**REQUEST NO. 6:** All documents, electronically stored information, or tangible things concerning Gavrieli, its business or products, or its website, https://www.tieks.com/ (the "Website").

**REQUEST NO. 7:** All documents, electronically stored information, or things concerning the costs and/or expenses which you have incurred in filing or prosecuting this case, including, but not limited to, filing and service of process fees, retainers, attorneys' fees, expert fees, costs of travel, and other related litigation expenses.

**REQUEST NO. 8:** All documents, electronically stored information, or tangible things reflecting or supporting the calculation or computation of any damages which you claim to have suffered as a result of Gavrieli's alleged conduct as described in the Complaint.

**REQUEST NO. 9:** All documents, electronically stored information, or tangible things prepared by or for any expert who may be called as a witness at trial, or by any consulting expert witness whose opinion or impressions have been reviewed by a testifying expert, concerning the subject matter on which the expert witness is expected to testify, including the mental impressions and opinions held by such expert.

**REQUEST NO. 10:** All documents, electronically stored information, or tangible things concerning communications between you and any expert who may be called as a witness at trial, or by or for any consulting expert whose opinions or impressions have been reviewed by a testifying expert, concerning the subject matter of this lawsuit or the expert's work in connection therewith.

**REQUEST NO. 11:** All pleadings and discovery from any prior or pending lawsuit or administrative proceeding in which you asserted claims under the Americans with Disabilities Act ("ADA") or for negligent infliction of emotional distress ("NIED").

**REQUEST NO. 12:** All documents, electronically stored information, or tangible things concerning any other lawsuits filed by you, or filed by others on your behalf, or any complaints, charges or grievances made by you, or made by others on your behalf, against any person or entity asserting claims under the ADA or for NIED.

**REQUEST NO. 13:** All documents, electronically stored information, or tangible things concerning any communications between you and any current or former employees or agents of Gavrieli relating in any way to Gavrieli, its business or products, or the Website, and any

allegations or events relating to this lawsuit, including, but not limited to, letters, e-mails, text messages, picture messages, voicemails, or any other message in any form sent or received from your smartphone, cellular phone, or any other electronic device.

**REQUEST NO. 14:** All documents, electronically stored information, or tangible things concerning any statements received by Plaintiff from any witness, or potential witness, relating to any of the allegations or events relating to this lawsuit.

**REQUEST NO. 15:** For each physician, health care provider, hospital, health care facility, or other entity or person identified in your response to Gavrieli's Interrogatory Nos. 8 and 17, provide an original medical authorization executed by you in the form attached hereto as Exhibit "A."

**REQUEST NO. 16:** All documents, electronically stored information, or tangible things on any social networking site (including, but not limited to, Facebook, Messenger, X, Snapchat, Instagram, LinkedIn, YouTube) within your possession, custody, or control that are in any way related to Gavrieli, any claimed disability, your physical condition, your activity level, your emotional distress, this litigation or any other litigation in which you were are or the plaintiff, and the allegations and damages claimed by you in the Complaint, including, but not limited to, any postings (including deleted postings), photographs, profile information, images, comments, status updates, uploads, attachments, writings, likes, retweets, shares, acknowledgements, responses, and/or comments.

**REQUEST NO. 17:** All transcripts of depositions in which you were deposed from January 1, 2020 to present in relationship to any lawsuit in which you were a named party or witness, including depositions from any legal proceeding in which you alleged or claimed that one or more defendants in the lawsuit violated any aspect of the ADA or asserted a claim for NIED.

**REQUEST NO. 18:** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of ballet flats by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**REQUEST NO. 20:** All documents, screenshots, electronically stored information, or tangible things showing Plaintiff visited the Website on May 13, 2025 or any other date that Plaintiff alleges she visited the Website.

**REQUEST NO. 21:** All documents, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase ballet flats from January 1, 2025 to the present.

**REQUEST NO. 22:** All documents, electronically stored information, or tangible things indicating the make, model, and year of the electronic device(s), or any program or software, that Plaintiff used to access the Website.

**REQUEST NO. 23:** All documents, electronically stored information, or tangible things indicating each internet network and each electronic device, program, and/or software Plaintiff used to access the Website, and the IP address for each of said electronic devices.

**REQUEST NO. 24:** All notes, diaries, accessibility reports, audits, memoranda, documents, electronically stored information, or tangible things relating to this action and relating to any other lawsuit in which you alleged or claimed that one or more defendants in the lawsuit violated any aspect of the ADA or that you asserted a claim for NIED.

**REQUEST NO. 25:** All documents, electronically stored information, or tangible things concerning any interviews, communications, or statements identified in your response to Gavrieli's Interrogatory No. 2.

**<u>REQUEST NO. 26:</u>** Any and all documents, electronically stored information, or tangible things that support or upon which Plaintiff bases in whole or in part her claim that she is disabled under the ADA.

**<u>REQUEST NO. 27:</u>** All documents, electronically stored information, or tangible things showing Plaintiff contacted Gavrieli to request an accommodation or modification in order to access the Website. This request includes, but is not limited to, any communication between you and/or any of your representatives (including Equal Access Law Group, PLLC) with Gavrieli.

**<u>REQUEST NO. 28:</u>** All documents, electronically stored information, or tangible things showing Gavrieli was aware of Plaintiff's alleged disability prior to the filing of Complaint.

**<u>REQUEST NO. 30:</u>** All documents, electronically stored information, or tangible things concerning any non-privileged communications between you and any third-party regarding Gavrieli or the Website.

**<u>REQUEST NO. 31:</u>** All documents, electronically stored information, or tangible things concerning compensation (other than potential damages) that Plaintiff will receive, or has received, as a result of her status as Plaintiff in this action.

**<u>REQUEST NO. 32:</u>** All tax and financial records reflecting compensation Plaintiff has received in connection with other lawsuits in which Plaintiff asserted claims under the ADA or for NIED for the period between January 1, 2020 and present.

**<u>REQUEST NO. 33:</u>** Any documents, electronically stored information, or tangible things that support Plaintiff's claim sounding in NIED by Gavrieli.

**<u>REQUEST NO. 34:</u>** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of shoes by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**REQUEST NO. 35:** All documents, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase shoes from January 1, 2025 to the present.

**REQUEST NO. 36:** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of luxury, high price point fashion items by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**REQUEST NO. 37:** All documents, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase luxury, high price point fashion items from January 1, 2025 to the present.

**REQUEST NO. 38:** All documents, screenshots, electronically stored information, or tangible things showing the "multiple barriers that impeded completion of the transaction" from "[w]hen Ms. Pittman attempted to purchase the ballet flats on May 13" of 2025.

**REQUEST NO. 39:** All currently accessibility reports and audits of the Website run from a clean profile, in which cache (including service workers) is cleared and extensions are disabled.

Dated: October 23, 2025

**BARCLAY DAMON LLP**

By: *\/s/ Ross M. Greenky*
Ross M. Greenky

*Attorneys for Defendant*
Barclay Damon Tower
125 E. Jefferson Street
Syracuse, New York 13202
Telephone: (315) 425-2700