# Exhibit M

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DEBBIE PITTMAN, on behalf of herself and all others similarly situated** | ) | |
| Plaintiffs, | ) | Case No.: **1:25-cv-7938** |
| v. | ) | |
| **Gavrieli Brands, LLC,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Debbie Pittman ("Plaintiff"), by and through her counsel, Equal Access Law Group PLLC, submits the following Ojections and Responses to Defendant Gavrieli Brands, LLC's ("Defendant" or "Gavrieli") First Request for Production of Documents ("Requests") as follows:

## PRELIMINARY STATEMENT

These Objections and Answers are based are based on information presently known to Plaintiff after a reasonable and ongoing investigation. These responses reflect the current state of Plaintiff's knowledge, understanding, and belief regarding the matters about which inquiry has been made.

Plaintiff expressly reserves the right to supplement, amend, or modify these Objections and Responses as additional information becomes available, as further investigation is conducted, or as opinions are provided by experts retained to testify in this matter. Plaintiff will supplement these responses to the extent required by the Federal Rules of Civil Procedure, including Rule 26(e), and the Local Rules of the United States District Court (the "Local Rules"), as well as any applicable scheduling order.

Plaintiff further expressly reserves the right to rely upon at any time, including at trial, any subsequently discovered information, whether obtained through ongoing discovery, additional document review, third-party disclosures, expert analysis, or any other source. Plaintiff's review of the matters inquired into by Defendant's discovery requests is continuing, and Plaintiff reserves the right to provide additional information, objections, or clarifications as appropriate.

These Objections and Responses are made solely for purposes of this litigation. By providing these responses, Plaintiff does not concede the relevance or admissibility of any information requested, nor does Plaintiff waive any applicable objections, privileges, or protections. All objections asserted herein are expressly preserved.

## GENERAL OBJECTIONS

Each of the Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections or a partial answer to any individual Interrogatory does not waive any of the Plaintiff's general objections.

1. Plaintiff objects to all discovery requests seeking information and or documents protected by the attorney-client privilege, the work product doctrine, or any other applicble privilege or protection. Plaintiff will not produce privileged or protected materials and does not intend to waive such protections.

2. Plaintiff objects to all discovery requests seeking information and/or documents already in Defendant's knowledge or possession.

3. Plaintiff objects to all discovery requests seeking information and/or documents that constitute personal proprietary or confidential information. Such information will only be produced subject to an appropriate protective order under Fed. R. Civ. Pro. 26(c).

4. Plaintiff objects to all discovery requests seeking information and/or documents that are unreasonably cumulative, less burdensome or less expensive to the extent that locating, collecting, or

producing the information would impose an undue burden or cost.

5. Plaintiff objects to all discovery requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, or disproportionate to the needs of the case. Plaintiff further objects to the extent it seeks discovery that would impose undue expense or burden.

6. Plaintiff objects to all discovery requests to the extent that the burden of deriving or ascertaining the requested information is substantially the same for Defendant as it is for Plaintiff. Plaintiff will not undertake duplicative efforts where Defendant has equal access to the same information or records.

7. Plaintiff objects to all discovery requests to the extent they attempt to impose obligations greater than those established by the Federal Rules of Civil Procedure.

8. Plaintiff objects to all discovery requests on the grounds that it seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case.

Therefore, subject to and without waiving the general objections, Plaintiff responds as follows:

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents, electronically stored information, or tangible things referred to in the Complaint.

**ANSWER: Plaintiff objects to this Request as overly broad, vague, and seeking documents not relevant or proportional to the needs of the case. Subject to and without waiving the objections, Plaintiff will produce non-privileged, responsive documents in her possession, if any. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 2:** All documents, electronically stored information, or tangible things concerning your claims and/or the allegations in the Complaint.

**ANSWER: Plaintiff objects as overly broad, unduly burdensome, vague, and seeking information not relevant or proportional to the needs of the case. Subject to and without waiving objections, investigation continues and Plaintiff will supplement as appropriate. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 3:** All documents, electronically stored information, or tangible things referred to in Plaintiff's Rule 26(a)(1) Disclosure.

**ANSWER: Plaintiff objects as premature and overly broad. Subject to and without waiving objections, Plaintiff will produce non-privileged documents, if any, identified in her Rule 26(a)(1) disclosures. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 4:** All documents, electronically stored information, or tangible things referred to in your responses to Gavrieli's First Set of Interrogatories.

**ANSWER: Plaintiff objects as vague, overly broad, duplicative, and seeking privileged or work-product material. Subject to and without waiving objections, Plaintiff will produce non-privileged documents responsive to her interrogatory answers, if any. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 5:** All documents, electronically stored information, or tangible things concerning any communication(s) by you or on your behalf with any person or entity which refer or relate to: (a) the fact that you are suing Gavrieli; or (b) your claim or belief that Gavrieli has engaged in any unlawful conduct.

**ANSWER: Plaintiff objects as overly broad, vague, intrusive, unduly burdensome, and seeking privileged communications. The Request is not reasonably limited in time, scope, subject matter, custodians, or medium, and seeks communications with unspecified "any person or entity," which renders it vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving objections, investigation continues; Plaintiff will supplement if non-privileged, responsive documents are identified. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 6:** All documents, electronically stored information, or tangible things concerning Gavrieli, its business or products, or its website, https://www.tieks.com/ (the "Website").

**ANSWER: Plaintiff objects as overly broad, vague, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged responsive materials are identified. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 7:** All documents, electronically stored information, or things concerning the costs and/or expenses which you have incurred in filing or prosecuting this case, including, but not limited to, filing and service of process fees, retainers, attorneys' fees, expert fees, costs of travel, and other related litigation expenses.

**ANSWER: Plaintiff objects as overly broad, premature, and seeking privileged, work-product, and**

**fee-related materials not discoverable at this time. Subject to and without waiving objections, Plaintiff will supplement if non-privileged, responsive documents exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 8:** All documents, electronically stored information, or tangible things reflecting or supporting the calculation or computation of any damages which you claim to have suffered as a result of Gavrieli's alleged conduct as described in the Complaint.
**ANSWER: Plaintiff objects as overly broad, unduly burdensome, premature, and seeking privileged or work-product materials. Subject to and without waiving objections, Plaintiff will produce non-privileged materials, if any, supporting damages permitted under the ADA. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 9:** All documents, electronically stored information, or tangible things prepared by or for any expert who may be called as a witness at trial, or by any consulting expert witness whose opinion or impressions have been reviewed by a testifying expert, concerning the subject matter on which the expert witness is expected to testify, including the mental impressions and opinions held by such expert.

**ANSWER: Plaintiff objects as premature and notes no expert has yet been retained or designated. Subject to and without waiving objections, no responsive documents currently exist; Plaintiff will supplement pursuant to Rule 26. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 10:** All documents, electronically stored information, or tangible things concerning communications between you and any expert who may be called as a witness at trial, or by or for any consulting expert whose opinions or impressions have been reviewed by a testifying expert, concerning the subject matter of this lawsuit or the expert's work in connection therewith.

**ANSWER: Plaintiff objects as overly broad, unduly burdensome, vague, and seeking privileged attorney-expert communications. Subject to and without waiving objections, investigation continues; Plaintiff will supplement if non-privileged materials exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 11:** All pleadings and discovery from any prior or pending lawsuit or administrative proceeding in which you asserted claims under the Americans with Disabilities Act ("ADA") or for negligent infliction of emotional distress ("NIED").

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking documents accessible equally to Defendant via public court records. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 12:** All documents, electronically stored information, or tangible things concerning any

other lawsuits filed by you, or filed by others on your behalf, or any complaints, charges or grievances made by you, or made by others on your behalf, against any person or entity asserting claims under the ADA or for NIED.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking privileged materials and unrelated litigation records. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 13:** All documents, electronically stored information, or tangible things concerning any communications between you and any current or former employees or agents of Gavrieli relating in any way to Gavrieli, its business or products, or the Website, and any allegations or events relating to this lawsuit, including, but not limited to, letters, e-mails, text messages, picture messages, voicemails, or any other message in any form sent or received from your smartphone, cellular phone, or any other electronic device.

**ANSWER: Plaintiff objects as overly broad, vague, unduly burdensome, intrusive, and seeking privileged communications. Subject to and without waiving objections, Plaintiff will produce non-privileged communications, if any exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 14:** All documents, electronically stored information, or tangible things concerning any statements received by Plaintiff from any witness, or potential witness, relating to any of the allegations or events relating to this lawsuit.

**ANSWER: Plaintiff objects as overly broad, unduly burdensome, irrelevant, and seeking privileged work-product and attorney-client communications. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged witness statements exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 15:** For each physician, health care provider, hospital, health care facility, or other entity or person identified in your response to Gavrieli's Interrogatory Nos. 8 and 17, provide an original medical authorization executed by you in the form attached hereto as Exhibit "A."

**ANSWER: Plaintiff objects as overly broad, invasive, irrelevant, disproportionate, and noting the Federal Rules do not require execution of medical authorizations. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 16:** All documents, electronically stored information, or tangible things on any social networking site (including, but not limited to, Facebook, Messenger, X, Snapchat, Instagram, LinkedIn, YouTube) within your possession, custody, or control that are in any way related to Gavrieli, any claimed disability, your physical condition, your activity level, your emotional distress, this litigation or any other litigation in which you were are or the plaintiff, and the allegations and damages claimed by you in the Complaint, including, but not limited to, any postings (including deleted postings), photographs, profile

information, images, comments, status updates, uploads, attachments, writings, likes, retweets, shares, acknowledgements, responses, and/or comments.

**ANSWER: Plaintiff objects as overly broad, vague, intrusive, unduly burdensome, disproportionate, and seeking private and irrelevant social-media content. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 17:</u>** All transcripts of depositions in which you were deposed from January 1, 2020 to present in relationship to any lawsuit in which you were a named party or witness, including depositions from any legal proceeding in which you alleged or claimed that one or more defendants in the lawsuit violated any aspect of the ADA or asserted a claim for NIED.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking unrelated litigation records equally accessible to Defendant. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 18:</u>** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of ballet flats by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as overly broad, intrusive, irrelevant, unduly burdensome, and seeking private consumer-purchase information unrelated to this case. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 19: [OMITTED BY DEFENDANT]</u>**

**<u>REQUEST NO. 20:</u>** All documents, screenshots, electronically stored information, or tangible things showing Plaintiff visited the Website on May 13, 2025 or any other date that Plaintiff alleges she visited the Website.

**ANSWER: Plaintiff objects as overly broad, vague, and seeking documents not relevant or proportional to the needs of the case. Subject to and without waiving objections, Plaintiff will produce non-privileged screenshots or documents showing her visits to the Website, if any exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 21:</u>** All documents, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase ballet flats from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as irrelevant, overly broad, unduly burdensome, intrusive, and seeking privileged communications. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 22:</u>** All documents, electronically stored information, or tangible things indicating the make, model, and year of the electronic device(s), or any program or software, that Plaintiff used to access the Website.

**ANSWER: Plaintiff objects as vague, overly broad, not relevant, and seeking technical/device information beyond the needs of the case. Subject to and without waiving objections, Plaintiff will produce non-privileged documents identifying the device(s) used, if any exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 23:</u>** All documents, electronically stored information, or tangible things indicating each internet network and each electronic device, program, and/or software Plaintiff used to access the Website, and the IP address for each of said electronic devices.

**ANSWER: Plaintiff objects as overly broad, vague, intrusive, unduly burdensome, and seeking technical information not relevant or proportional to the case. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged responsive documents exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 24:</u>** All notes, diaries, accessibility reports, audits, memoranda, documents, electronically stored information, or tangible things relating to this action and relating to any other lawsuit in which you alleged or claimed that one or more defendants in the lawsuit violated any aspect of the ADA or that you asserted a claim for NIED.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking privileged material. Subject to and without waiving objections, no responsive non-privileged documents are identified at this time; Plaintiff will supplement if appropriate. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 25:</u>** All documents, electronically stored information, or tangible things concerning any interviews, communications, or statements identified in your response to Gavrieli's Interrogatory No. 2.

**ANSWER: Plaintiff objects as overly broad, vague, and seeking privileged attorney and investigator materials. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged documents exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 26:</u>** Any and all documents, electronically stored information, or tangible things that

support or upon which Plaintiff bases in whole or in part her claim that she is disabled under the ADA.

**ANSWER: Plaintiff objects as overly broad, vague, unduly burdensome, and seeking privileged or private medical information. Subject to and without waiving objections, Plaintiff will produce non-privileged documents, if any, supporting her disability status. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 27:** All documents, electronically stored information, or tangible things showing Plaintiff contacted Gavrieli to request an accommodation or modification in order to access the Website. This request includes, but is not limited to, any communication between you and/or any of your representatives (including Equal Access Law Group, PLLC) with Gavrieli.

**ANSWER: Plaintiff objects as overly broad, vague, unduly burdensome, and seeking privileged communications. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged documents exist showing attempts to contact Gavrieli. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 28:** All documents, electronically stored information, or tangible things showing Gavrieli was aware of Plaintiff's alleged disability prior to the filing of Complaint.

**ANSWER: Plaintiff objects as overly broad, vague, and seeking documents irrelevant to the claims and defenses. Subject to and without waiving objections, Plaintiff is not aware of any such documents; will supplement if any are identified. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 29: [OMITTED BY DEFENDANT]**

**REQUEST NO. 30:** All documents, electronically stored information, or tangible things concerning any non-privileged communications between you and any third-party regarding Gavrieli or the Website.

**ANSWER: Plaintiff objects as overly broad, vague, unduly burdensome, intrusive, and seeking irrelevant third-party communications. Subject to and without waiving objections, Plaintiff will produce non-privileged responsive documents, if any. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 31:** All documents, electronically stored information, or tangible things concerning compensation (other than potential damages) that Plaintiff will receive, or has received, as a result of her status as Plaintiff in this action.

**ANSWER: Plaintiff objects as vague, overly broad, irrelevant, unduly burdensome, and seeking**

**private financial information. Subject to and without waiving objections, Plaintiff is not aware of any responsive non-privileged documents; will supplement if appropriate. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**<u>REQUEST NO. 32:</u>** All tax and financial records reflecting compensation Plaintiff has received in connection with other lawsuits in which Plaintiff asserted claims under the ADA or for NIED for the period between January 1, 2020 and present.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking financial documents unrelated to this litigation. Plaintiff will not produce documents in response to this Request.**

**<u>REQUEST NO. 33:</u>** Any documents, electronically stored information, or tangible things that support Plaintiff's claim sounding in NIED by Gavrieli.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, and seeking privileged or private information. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged responsive documents exist.**

**<u>REQUEST NO. 34:</u>** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of shoes by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as overly broad, irrelevant, intrusive, and seeking private consumer information not related to claims or defenses. Plaintiff will not produce documents in response to this Request.**

**<u>REQUEST NO. 35:</u>**All do cuments, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase shoes from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as overly broad, irrelevant, unduly burdensome, intrusive, and seeking privileged or private communications. Plaintiff will not produce documents in response.**

**<u>REQUEST NO. 36:</u>** All documents, electronically stored information, or tangible things concerning any attempted or actual purchases of luxury, high price point fashion items by Plaintiff, other than ballet flats on the Website, from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as overly broad, irrelevant, intrusive, and seeking private, unrelated**

**consumer-purchase information. Plaintiff will not produce documents in response.**

**REQUEST NO. 37:** All documents, electronically stored information, or tangible things concerning any communications involving Plaintiff, which indicates an intent or desire to purchase luxury, high price point fashion items from January 1, 2025 to the present.

**ANSWER: Plaintiff objects as overly broad, irrelevant, intrusive, and unduly burdensome. Plaintiff will not produce documents in response.**

**REQUEST NO. 38:** All documents, screenshots, electronically stored information, or tangible things showing the "multiple barriers that impeded completion of the transaction" from "[w]hen Ms. Pittman attempted to purchase the ballet flats on May 13" of 2025.

**ANSWER: Plaintiff objects as vague, overly broad, unduly burdensome, and seeking technical/audit materials outside Plaintiff's personal knowledge. Subject to and without waiving objections, Plaintiff will produce non-privileged screenshots or materials in her possession reflecting the barriers encountered, if any. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

**REQUEST NO. 39:** All currently accessibility reports and audits of the Website run from a clean profile, in which cache (including service workers) is cleared and extensions are disabled

**ANSWER: Plaintiff objects as overly broad, vague, premature, and seeking expert-level materials. Subject to and without waiving objections, Plaintiff will supplement if any non-privileged responsive documents exist. Plaintiff will continue its efforts in conducting a reasonable search and produce documents relevant to the request.**

Dated: November 22, 2025

**EQUAL ACCESS LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: */s/ David B. Reyes*
David B. Reyes
68-29 Main Street
Flushing, NY 11367
O: (844) 731-3343
C: (718) 554-0237
Email: Dreyes@ealg.law

# **CERTIFICATE OF SERVICE**

David B. Reyes, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of EQUAL ACCESS LAW GROUP, PLLC, attorneys for Plaintiff DEBBIE PITTMAN.

2. On November 22, 2025, I caused a true copy of the within Plaintiff's Responses to Defendant's First Set of Requests for Production of Documents to be served upon counsel for Defendant via e-mail to:

Ross M. Greenky, Esq.
Barclay Damon LLP
Email: Rgreenky@barclaydamon.com
***Attorneys for Defendant***

3. I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ *David B. Reyes*
David B. Reyes, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DEBBIE PITTMAN, on behalf of herself and all others similarly situated,

*Plaintiffs*,

- against -

GAVRIELI BRANDS, LLC,

*Defendant.*

Case No. 1:25-cv-7938

**PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Debbie Pittman ("Plaintiff"), by and through her undersigned counsel, Equal Access Law Group PLLC, hereby submits the following objections and responses to Defendant Gavrieli Brands, LLC's ("Defendant" or "Gavrieli") First Set of Interrogatories ("Interrogatories"). Plaintiff's responses are made pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the General Objections set forth below. Plaintiff reserves the right to amend, supplement, or correct these responses as discovery continues, as permitted or required under Rule 26(e), applicable scheduling orders, and the Federal Rules of Civil Procedure. Plaintiff asserts the following General Objections, which are incorporated into each individual response to the extent applicable:

## 1. Overbreadth, Burden, and Proportionality

Plaintiff objects to the Interrogatories to the extent they are overbroad, unduly burdensome, not proportional to the needs of the case, or seek information beyond the scope of Rule 26(b)(1), including information that is irrelevant to the claims or defenses in this ADA Title III action.

2. Improper Attempts to Elicit Legal Conclusions

Plaintiff objects to any Interrogatory that seeks legal conclusions, legal contentions prematurely, or interpretations of statutes, regulations, WCAG standards, or ADA legal obligations, which are issues reserved for briefing and judicial determination.

3. Privilege and Work Product

Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney–client privilege, the work-product doctrine, or any other applicable privilege, including mental impressions, legal strategy, litigation preparation, attorney communications, expert-related materials, or materials prepared in anticipation of litigation.

Nothing in these responses shall be construed as a waiver of any privilege.

4. Expert-Level, Technical, or Specialized Information

Plaintiff objects to any Interrogatory that requires technical, expert-level accessibility testing, source-code review, WCAG conformance assessment, ARIA/semantic analysis, usability evaluation, or other information outside Plaintiff's personal knowledge and requiring expert testimony.

5. Information Outside Plaintiff's Personal Knowledge

Plaintiff objects to Interrogatories to the extent they seek information regarding:

a. Defendant's internal policies, practices, coding structure, accessibility controls, or technical operations;
b. the experiences of other blind or visually impaired users;
c. information that Plaintiff cannot reasonably obtain through her own experience.

6. Temporal, Device, and Configuration Variability

To the extent an Interrogatory assumes website stability, uniform coding behavior, or consistent assistive-technology output across time, devices, browsers, operating systems, or screen-reader configurations, Plaintiff objects because such assumptions are unsupported and improper.

### 7. Assumptions, Mischaracterizations, and Embedded Facts

Plaintiff objects to Interrogatories that:

a. assume facts not in evidence,

b. mischaracterize Plaintiff's experience, or

c. misstate allegations in the Complaint.

### 8. Prior Lawsuits and Litigation History

Plaintiff objects to any Interrogatory seeking information concerning Plaintiff's involvement in unrelated lawsuits, claims, settlements, or litigation history, which is irrelevant, harassing, disproportionate, and not reasonably calculated to lead to admissible evidence.

### 9. Confidential, Private, or Sensitive Personal Information

Plaintiff objects to Interrogatories that seek unnecessary or invasive personal details, including medical history unrelated to this ADA Title III claim, unless expressly relevant and proportional.

### 10. Continuing and Supplementing

Plaintiff's investigation is ongoing. Discovery has not closed. Plaintiff reserves the right to supplement, modify, or amend these responses pursuant to Rule 26(e) based on information obtained during discovery, expert evaluation, additional accessibility testing, or other developments.

**<u>INTERROGATORY NO. 1.</u>** State the name, address, and telephone number for eachperson Plaintiff may call as a witness to testify at the trial of this lawsuit, and for each person who otherwise has knowledge of the underlying facts of Plaintiff's claims and/or Gavrieli's defenses in this lawsuit.

**ANSWER: Plaintiff objects to these interrogatories as premature. Plaintiff has not yet identified all witnesses for trial, and such identification is subject to ongoing discovery and case deadlines.Plaintiff will supplement this response in accordance with the applicable rules and scheduling order(s). Plaintiff also reserves the right to supplment said witness(es) as new, and additional witness(es) are identified. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 2.</u>** Identify each person contacted or interviewed by Plaintiff or on Plaintiff's behalf concerning any of the facts or issues involved in this lawsuit, and for each such person, include the following information: (a) the date and location of the contact or interview; (b) the name, address, and telephone number of each person present at the conversation or interview; and (c) the substance of each person's personal knowledge of the facts or issues involved in this lawsuit.

**ANSWER: Plaintiff objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information beyond Plaintiff's knowledge.Subject to and without waiving these objections, Plaintiff states that she is not personally aware of any individuals who witnessed the Plaintiff's injury. Plaintiff and counsel are still reviewing discovery received in this matter pertinent to this response. Plaintiff will supplement response accordingly. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 3.</u>** State the author, date, and current location of all documents, electronically stored information, or tangible things which Plaintiff believes to be relevant to any of the facts and issues in this lawsuit and/or which Plaintiff may otherwise offer into evidence at the trial.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory as premature to the extent it seeks identification of documents or tangible items that may be used at trial before the completion of discovery, expert review, and the development of Plaintiff's case-in-chief. Plaintiff further objects to the Interrogatory to the extent it seeks information protected by the attorney–client privilege, the attorney work-product doctrine, or any other applicable privilege or protection, including the identification, mental impressions, selection, or characterization of materials gathered or reviewed by counsel in anticipation of litigation.**

**Plaintiff also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents… relevant to any of the facts or issues" because it improperly calls for a legal conclusion regarding relevance and would require Plaintiff to speculate as to potential admissibility or use at trial. The Interrogatory further assumes that Plaintiff maintains personal custody, possession, or control over all responsive materials, which is not the case, as certain documents are maintained by counsel.**

**Subject to and without waiving the foregoing objections, Plaintiff states that she is not presently aware of any documents or tangible items in her personal possession beyond those that have already been produced or will be produced through formal discovery in this matter. Plaintiff will supplement this response in accordance with Fed. R. Civ. P. 26(e) and the Court's**

**scheduling order. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 4.</u>** With reference to each person Plaintiff expects to call as an expert witness at trial, please state: (a) name; (b) profession or occupation and address; (c) relationship to Plaintiff, if any; (d) the subject matter on which said individual is expected to testify; (e) the substance of the facts and opinions as to which each said individual is expected to testify; (f) a summary of the grounds for each opinion; (g) the individual's relevant qualifications, training, education, and experience, if any; and (h) the identity of any documents or reports referred to or relied upon by such individual.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff further objects to this Interrogatory as premature to the extent it seeks expert disclosures prior to the deadlines set by Fed. R. Civ. P. 26(a)(2) and the Court's scheduling order. Plaintiff also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, or consulting-expert protections, including draft opinions, mental impressions, and materials prepared in anticipation of litigation.**

**Subject to and without waiving these objections, Plaintiff has not yet designated any testifying expert witness. Plaintiff will disclose any such experts, along with the information required by Rule 26(a)(2)(B) or 26(a)(2)(C), at the time required by the applicable rules and scheduling order. Plaintiff expressly reserves the right to supplement or amend this response as expert discovery proceeds and additional information becomes available. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 5.</u>** State with specificity the computation of any category of damages which you claim to have suffered, including the basis for such claimed damages, as a result of Gavrieli's alleged conduct as described in the Complaint.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects that this Interrogatory is vague, overly broad, and seeks information not applicable to the remedies available under Title III of the Americans with Disabilities Act ("ADA"). Plaintiff further objects because Title III does not permit recovery of compensatory, emotional-distress, punitive, or consequential damages, rendering much of the requested computation irrelevant. Plaintiff also objects to the extent the Interrogatory misstates or mischaracterizes Plaintiff's claims, calls for legal conclusions, or seeks attorney-client privileged information, attorney work product, litigation strategy, or expert analysis regarding fee computation.**

**Subject to and without waiving these objections, Plaintiff responds as follows:**

**Plaintiff does not seek personal compensatory damages, emotional-distress damages, punitive damages, or consequential damages under her Title III ADA claim. As stated in the Complaint, Plaintiff seeks:**
**(1) declaratory and injunctive relief requiring Defendant to bring its website into compliance with WCAG 2.1 AA accessibility criteria;**
**(2) statutory attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and**
**(3) any further relief the Court deems just and proper.**

**Plaintiff's attorneys' fees and costs are ongoing, continue to accrue as litigation progresses, and**

**therefore cannot be fully calculated or itemized at this stage. Plaintiff will supplement this response consistent with Rule 26(e) and any applicable scheduling or pretrial order. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 6.</u>** Describe in detail the condition(s) or impairment(s) that Plaintiff alleges renders her disabled under the Americans with Disabilities Act ("ADA"), as alleged in Plaintiff's Complaint.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory to the extent it seeks medical diagnoses, medical records, clinician-level detail, or confidential health information beyond what is required to establish standing under Title III of the ADA. Plaintiff further objects that the Interrogatory is overly broad, seeks information not proportional to the needs of the case, and improperly requests private health information that is neither relevant nor necessary because Title III does not require disclosure of medical records or detailed diagnostic information. Plaintiff also objects to the extent this Interrogatory invades Plaintiff's privacy rights and seeks information protected under federal and state confidentiality laws.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

**Plaintiff is blind and has a visual impairment that substantially limits one or more major life activities, including but not limited to seeing, navigating websites, independently accessing digital content, and perceiving visual information without the use of assistive technology. Plaintiff relies on screen-reader technology (including JAWS) to access websites and digital interfaces. The inaccessibility barriers described in the Complaint interfered with Plaintiff's ability to navigate, understand, and complete a transaction on Defendant's Website, thereby denying her full and equal enjoyment of the goods, services, privileges, and accommodations offered to the public.**

**Plaintiff will supplement this response at the appropriate time and as required by Fed. R. Civ. P. 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 7.</u>** If Plaintiff is attempting to claim punitive damages as part of her claim for damages under the ADA or for negligent infliction of emotional distress, please identify any conduct which Plaintiff claims supports a claim for punitive damages, including, but not limited to: (a) who engaged in such conduct; (b) when the alleged conduct or statements occurred; (c) what conduct or statements support Plaintiff's claim for punitive damages; (d) where the purported conduct or statements which support Plaintiff's claim for punitive damages occurred; (e) who else was present when the alleged purported conduct or statements which support Plaintiff's claim for punitive damages occurred; and (f) what documents exist which support Plaintiff's claim for punitive damages.

**ANSWER: Plaintiff objects to this Interrogatory because it assumes facts not in evidence and mischaracterizes Plaintiff's claims. Plaintiff does not seek punitive damages under Title III of the Americans with Disabilities Act ("ADA"), which does not permit recovery of punitive, compensatory, emotional distress, or consequential damages. Plaintiff further objects to this Interrogatory as overly broad, vague, unduly burdensome, and seeking information irrelevant to any claim or defense because no punitive damages are recoverable under the federal statutory scheme pled.**

**Plaintiff additionally objects to the extent the Interrogatory calls for legal conclusions, seeks attorney work product, or seeks privileged mental impressions concerning the basis of Plaintiff's claims, requested remedies, or litigation strategy.**

**Subject to and without waiving the foregoing objections, Plaintiff states that she is not presently seeking punitive damages in this lawsuit and is not pursuing a negligent infliction of emotional distress claim in this action. Accordingly, there is no responsive conduct, statements, witnesses, or documents that Plaintiff contends support punitive damages.**

**Plaintiff reserves all rights to amend or supplement her responses pursuant to Rule 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 8.** Identify the name and address of each and every physician, health care provider, hospital, health care facility, or other entity or person who has provided treatment, examination, or consultation to Plaintiff, or from whom Plaintiff has sought such treatment, examination, or consultation from January 1, 2020 until the present for the condition or impairment that Plaintiff claims renders her disabled, as alleged in the Complaint.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory on the grounds that it is overbroad, seeks information not relevant to any claim or defense, is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), and invades Plaintiff's medical privacy without justification. Title III of the ADA does not require a plaintiff to disclose medical providers, medical records, or treatment history, particularly where— as here—Plaintiff does not seek medical, emotional distress, compensatory, or punitive damages of any kind.**

**Plaintiff further objects because the Interrogatory improperly seeks sensitive medical information protected by HIPAA and state-law privacy doctrines, and because Plaintiff's disability is not in dispute and does not require evidentiary medical proof at trial. Courts routinely hold that a plaintiff alleging disability discrimination under Title III is not required to produce medical documentation or treatment records. The Interrogatory is therefore irrelevant, unduly intrusive, and beyond the permissible scope of discovery.**

**Subject to and without waiving these objections, Plaintiff does not intend to rely on any medical provider, medical records, or medical treatment to establish her disability or any other element of her claim, and therefore identifies no such individuals at this time.**
**Plaintiff will supplement only if required by the Court or applicable rules. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 9.** Identify any ballet flats, other than ballet flats on Gavrieli's website, which Plaintiff has attempted to purchase since January 1, 2025, including, but not limited to: (a) the name of the ballet flats, (b) the business and/or website from which Plaintiff attempted to purchase the ballet flats, (c) the date(s) on which Plaintiff attempted to purchase the ballet flats, (d) whether Plaintiff actually purchased the ballet flats, and (e) if Plaintiff has not purchased any ballet flats to date, the reason for not doing so.

**ANSWER: Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague, and not proportional to the needs of the case. Plaintiff further objects because the Interrogatory seeks information unrelated to Plaintiff's claims or Defendant's defenses under Title III of the**

**Americans with Disabilities Act ("ADA"). Whether Plaintiff attempted to purchase ballet flats from third-party businesses is not relevant to (1) whether Defendant's Website contained access barriers, (2) Plaintiff's individual experience with the Website, or (3) whether Plaintiff was denied full and equal access as required by the ADA. The Interrogatory improperly attempts to probe Plaintiff's consumer history and personal purchasing behavior, which is outside the proper scope of discovery.**

**Plaintiff further objects to the extent the Interrogatory seeks to impose an obligation on Plaintiff to mitigate discrimination by shopping elsewhere, which is contrary to the ADA's guarantee of equal access and improperly shifts Defendant's statutory obligations onto Plaintiff. Plaintiff also objects to the extent the Interrogatory seeks privileged information, attorney work product, or information concerning litigation strategy or investigatory activities conducted by counsel.**

**Subject to and without waiving the foregoing objections, after reasonable inquiry, Plaintiff states that she does not recall attempting to purchase ballet flats from any specific business or website other than Defendant's Website during the period identified. Plaintiff will supplement this response if additional information becomes known or available. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 10.** If Plaintiff is claiming that she had some problem, difficulty, frustration, or embarrassment (collectively, "Access Barriers") when she used or attempted to use or access Defendant's website, then for each date that Plaintiff used, attempted to use, or accessed the website, describe in detail the page or subpage that she encountered Access Barriers, the specific date(s) she encountered Access Barriers, and, for each such date(s), state the webpage address (URL) for the location on the website where she encountered Access Barriers, and describe in detail the Access Barriers that Plaintiff experienced.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, vague, seeks information outside Plaintiff's personal knowledge, and improperly demands technical, forensic, and expert-level details concerning page-level coding, URLs, WCAG criteria, user-flow mapping, and assistive-technology rendering, all of which require specialized testing and expert analysis. Plaintiff further objects to the extent this Interrogatory seeks to compel premature expert disclosures or narrative reconstructions of digital accessibility barriers beyond Plaintiff's ability as a non-technical user. Subject to and without waiving these objections, Plaintiff responds as follows:**

**Plaintiff visited and attempted to use Defendant's Website on or about May 13, 2025, using the JAWS screen reader. Based on her experience as a blind consumer, and not on any technical audit, source-code review, or expert testing, Plaintiff encountered multiple usability and access barriers that prevented her from independently navigating, identifying products, reviewing product information, and completing a transaction.**

**Plaintiff is unable to provide the precise URL of each page viewed because screen-reader navigation does not always announce URL strings for each subpage, and Plaintiff was primarily navigating using keyboard commands, screen-reader shortcuts, and structural navigation rather than manually tracking individual URLs. Plaintiff's inability to obtain page URLs is itself a function of the accessibility limitations she encountered. Plaintiff reserves the right to supplement**

**this response upon completion of discovery, accessibility testing, and expert review pursuant to Fed. R. Civ. P. 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 11.</u>** For any alleged Access Barriers that Plaintiff encountered, state: (a) whether Plaintiff examined her keyboard or screen-reading software for any issues or deficiencies; and (b) whether on or after May 13, 2025, Plaintiff attempted to access Gavrieli's website, including to complete her purchase of the desired ballet flats, using any assistive technologies other than Job Access with Speech.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects that this Interrogatory is vague, ambiguous, overbroad, calls for information outside Plaintiff's personal knowledge, and improperly seeks to impose obligations not required under the Americans with Disabilities Act ("ADA"). Plaintiff further objects to the extent this Interrogatory assumes Plaintiff had a duty to investigate or troubleshoot her assistive technology, which is contrary to ADA principles requiring public accommodations—not disabled individuals—to ensure accessible digital experiences. Plaintiff also objects to the extent the Interrogatory seeks information protected by the attorney-client privilege, work-product doctrine, or litigation-related mental impressions.**

**Subject to and without waiving these objections, Plaintiff responds:**

**(a) Plaintiff did not conduct any technical diagnostics, troubleshooting procedures, or software-level examinations of JAWS or her keyboard in connection with the Access Barriers encountered on the Website. Plaintiff used her standard JAWS configuration, which she regularly uses to navigate websites independently, and which functions properly on other websites.**

**(b) Plaintiff did not attempt to access Gavrieli's website using assistive technologies other than JAWS. Plaintiff used JAWS in the normal course of attempting to browse and complete a purchase on May 13, 2025. Plaintiff has not used any additional assistive technologies to attempt to complete a purchase following that date.**

**Plaintiff will supplement this response as appropriate under Rule 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**<u>INTERROGATORY NO. 12.</u>** Have you ever been involved as a party or witness in anyother litigation, action, complaint, proceeding, or lawsuit in federal or state court, or before an administrative or governmental agency which involved claims of discrimination under the ADA or a claim for negligent infliction of emotional distress? If "yes", please identify: (a) the litigation, action, complaint, or proceeding; (b) whether you participated as a party or witness; (c) the outcome of the litigation, action, complaint, or proceeding; and (d) any monetary award, injunctive relief, or other compensation you received in connection with the litigation, action, complaint, or proceeding.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects that this Interrogatory is overbroad, unduly burdensome, and irrelevant to the claims or defenses in this action. Prior ADA filings do not bear on the merits of this case and are routinely deemed inadmissible and irrelevant in Title III litigation. The Interrogatory also seeks information beyond Plaintiff's reasonable recall and is disproportionate to the needs of the case.**

**Subject to and without waiving these objections, Plaintiff states that she has been a plaintiff in certain ADA website accessibility actions. Plaintiff did not receive compensatory or punitive damages in such matters, as such damages are unavailable under Title III. Plaintiff will provide case names and docket numbers to the extent they can be obtained after reasonable investigation. Plaintiff will supplement in accordance with Rule 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 13.** Identify the make, model, and year of any electronic device, program, and/or software that Plaintiff used to access Gavrieli's website, and identify the person or entity who or that supplied Plaintiff with such device(s), program(s), and/or software.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects that this Interrogatory is vague and overbroad as to the terms "program," "software," and "supplied," and seeks information beyond what is relevant or proportional to the needs of this action. Plaintiff further objects to the extent the Interrogatory attempts to imply causation or fault with Plaintiff's assistive technology rather than the Website's accessibility barriers.**

**Subject to and without waiving these objections, Plaintiff states as follows:**

**Plaintiff accessed the Website on or about May 13, 2025, using a Windows-based laptop with the JAWS screen reader installed. The device and software were personally owned by Plaintiff. Plaintiff will supplement if additional responsive information becomes available. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 14.** Identify the address that Plaintiff was physically located on the date(s) she accessed Gavrieli's website.

**ANSWER: Plaintiff objects to this Interrogatory on the grounds that it seeks private, sensitive, and unnecessary personal location information that is not relevant to any claim or defense and is not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The request improperly intrudes on Plaintiff's privacy and security and seeks information that has no bearing on whether Plaintiff encountered access barriers on Defendant's Website. ADA Title III standing does not depend on a user's precise physical address when accessing a website, and this Interrogatory appears designed to harass rather than obtain relevant information.**

**Subject to and without waiving these objections, Plaintiff states that she accessed the Website from within the State of Illinois, but declines to disclose a specific street address. Plaintiff will supplement if required by court order. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 15.** Using each internet network and each electronic device Plaintiff used to access Gavrieli's website, state the IP address for each of said electronic devices and the date(s) that Plaintiff used said electronic devices to access Gavrieli's website.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, intrusive, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks sensitive personal digital-identifier information**

**(including historical IP address data) that Plaintiff does not maintain, track, or have personal access to, and which would require forensic-level investigation, technical examination, or access to third-party ISP or device-level logs not reasonably obtainable by Plaintiff. This Interrogatory further seeks information outside Plaintiff's personal knowledge, calls for speculation, and improperly shifts the burden of technical investigation to Plaintiff. Plaintiff also objects that the requested information is not relevant to any claim or defense in this Title III ADA action, and raises privacy and security concerns.**

**Subject to and without waiving the foregoing objections, Plaintiff does not maintain records of historical IP addresses associated with any device or network, lacks personal knowledge of such technical data, and is therefore unable to provide the requested information after reasonable inquiry. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 16.** State whether Plaintiff contacted, or attempted to contact, Gavrieli regarding the alleged deficiencies on Gavrieli's website prior to filing this action.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff further objects to this Interrogatory to the extent it assumes that Plaintiff was required to contact Defendant prior to filing suit. No such requirement exists under Title III of the ADA. Subject to and without waiving these objections, after reasonable inquiry, Plaintiff states that she did not contact Defendant regarding the alleged accessibility barriers prior to filing this action. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 17.** With respect to your claim for negligent infliction of emotional distress, identify by name and address each physician, health care provider, hospital, health care facility, or other entity or person who has provided treatment, examination, or consultation to Plaintiff, or from whom Plaintiff has sought such treatment, examination, or consultation as a result of emotional distress, and include in your answer the number of times you were treated by such provider, the date(s) of each treatment, the diagnoses of any condition, and any specific treatment(s) you have received from each provider.

**ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, invasive of privacy, and seeking information not relevant to any claim or defense. Plaintiff further objects on the grounds that this Interrogatory presumes that Plaintiff sought, required, or received medical or mental-health treatment for emotional distress arising from the events in this lawsuit, which assumes facts not in evidence. Plaintiff also objects to the extent the Interrogatory seeks protected health information, medical diagnoses, or treatment records beyond what is proportional to the needs of the case and beyond what Plaintiff has placed at issue.**

**Subject to and without waiving these objections, Plaintiff states that she has not sought or received treatment, examination, or consultation from any physician, mental-health provider, or other health-care professional for emotional distress allegedly arising from the matters described in the Complaint.**
**Accordingly, Plaintiff has no responsive information at this time.**

**Plaintiff reserves the right to supplement this response if additional information becomes available consistent with Rule 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 18.** If, as alleged in the Complaint, the desired ballet flats werealready in Plaintiff's shopping cart on Gavrieli's website, state why it was necessary to further review the contents of the cart to complete the purchase of the desired ballet flats.

**ANSWER: Plaintiff objects to this Interrogatory as vague, ambiguous, and misleading to the extent it assumes that a blind screen-reader user would have been able to independently verify the accuracy of the shopping-cart contents despite the accessibility barriers alleged in the Complaint. The Interrogatory improperly presumes functionality and clarity of screen-reader output that Plaintiff did not experience. Plaintiff further objects that the Interrogatory calls for information dependent on technical accessibility conditions outside Plaintiff's personal knowledge.**

**Subject to and without waiving these objections, Plaintiff states that she needed to review the contents of the cart because she could not independently confirm through her screen reader whether the correct product, size, color, quantity, and price had been added, due to the accessibility barriers she encountered. As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**INTERROGATORY NO. 19.** Identify any purported Access Barriers which are currently impacting Plaintiff's ability to purchase the desired pair of ballet flats on Gavrieli's website.

**ANSWER: Plaintiff objects to this Interrogatory as premature. Discovery is ongoing, and Plaintiff has not yet identified all access barriers currently present on the Website. Barrier identification may require expert evaluation and technical review not yet performed. Plaintiff will supplement this response in accordance with the Federal Rules of Civil Procedure and any applicable scheduling order.**

**INTERROGATORY NO. 20.** State whether Plaintiff has visited Gavrieli's website at any time since May 13, 2025. If not, please state: (a) the reason that Plaintiff has not visited Gavrieli's website if, as alleged in the Complaint, she "still wants to purchase ballet flats on the website," and "will visit the website again immediately upon Defendant correcting the numerous accessibility barriers on it"; and (b) the basis, if any, that Plaintiff claims a real and immediate threat of future injury.

**ANSWER: Plaintiff objects to this Interrogatory as vague, ambiguous, and misleading to the extent it presumes that Plaintiff was required to engage in repeated attempts to use an inaccessible website in order to maintain standing under Title III of the ADA. Plaintiff further objects that the Interrogatory improperly calls for legal conclusions regarding future injury and standing.**

**Subject to and without waiving these objections, Plaintiff responds as follows:**

**(a) Plaintiff has not returned to the Website because the accessibility barriers she encountered on May 13, 2025 remain unremedied to her knowledge, and further attempts to navigate the Website would be futile, frustrating, and potentially harmful to her independence as a blind screen-reader user.**

**(b) Plaintiff intends to return and complete her purchase once Defendant removes the accessibility barriers that prevented her from doing so independently. Plaintiff remains interested in purchasing the same product and regularly encounters the same type of online access barriers. As long as the Website remains noncompliant, Plaintiff faces a real and immediate threat of experiencing the same denial of equal access upon return.**

**As discovery is ongoing, Plaintiff reserves the right to amend this response.**

**DATED:** November 21, 2025

**EQUAL ACCESS LAW GROUP LLP**

By: /s/ David Reyes
David Reyes
Attorneys for Plaintiff
68-29 Main Street
Flushing, NY 11367
Tel: (718) 554-0237

**CERTIFICATE OF SERVICE**

David B. Reyes, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of EQUAL ACCESS LAW GROUP, PLLC, attorneys for Plaintiff DEBBIE PITTMAN.

2. On November 22, 2025, I caused a true copy of the within Plaintiff's Responses to Defendant's First Set of Requests for Interrogatories to be served upon counsel for Defendant via e-mail to:

Ross M. Greenky, Esq.
Barclay Damon LLP
Email: Rgreenky@barclaydamon.com
***Attorneys for Defendant***

3. I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ *David B. Reyes*
David B. Reyes, Esq.