# Exhibit N

# BARCLAY DAMON LLP

**Ross M. Greenky**
*Partner*

January 7, 2026

**VIA E-MAIL**

David Reyes, Esq.
Equal Access Law Group, PLLC
68-29 Main Street
Flushing, New York 11367
dreyes@ealg.law

Re: Debbie Pittman v. Gavrieli Brands, LLC

Dear David:

We are writing on behalf of Defendant Gavrieli Brands, LLC ("Defendant") with regard to certain deficiencies in Plaintiff Debbie Pittman's ("Plaintiff") responses to Defendant's Requests for Admissions, First Set of Interrogatories and First Request for Production of Documents.

As a threshold matter, Plaintiff's responses to Defendant's first set of interrogatories do not comply with Rule 33 of the Federal Rules of Civil Procedure, which requires, in relevant part, that each interrogatory be answered "in writing under oath" and "the person who makes the answers" verify same. Fed. R. Civ. P. 33(b)(3) and (5). "Rule 33's requirements that an individual party sign and verify their own interrogatory answers are 'among the simplest of all the Rules of Procedure' and they 'are *mandatory*, not optional.'" *Connelly v. Cook Cty. Assessor's Office*, 2022 U.S. Dist. LEXIS 225908, at *10 (N.D. Ill. Dec. 15, 2022) (emphasis in original). "'Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses.'" *Id.* "Interrogatory responses that are unsigned and unverified by the party upon whom they were served are fatally flawed and 'do not qualify as answers to interrogatories.'" *Id.* Accordingly, Defendant requests that Plaintiff provide a signed verification for the interrogatory responses as soon as possible.

That threshold issue aside, Defendant requests that Plaintiff supplement her responses to the following discovery demands or, in each instance, confirm she is not in possession of any documents or information responsive to said demands. To the extent any documents responsive to these discovery demands are subject to a privilege or otherwise protected from disclosure, Defendant requests that Plaintiff provide a privilege log or further explanation.

## Document Request Nos. 1-18, 20-28, 30-31, 35, 38-39

In response to the above-referenced document requests, Plaintiff stated that she would produce non-privileged, responsive documents in her possession. Plaintiff further stated that she would continue her efforts in conducting a reasonable search and produce documents relevant to

the requests. However, to date, Plaintiff has failed to produce a single document in response to any of these requests, and Defendant otherwise has not received any documents from Plaintiff to support her claims in this action. Defendant hereby again demands that Plaintiff immediately produce any non-privileged, responsive documents in her possession.

**<u>Interrogatory Nos. 1-6, 9, 11-12, 19</u>**

In response to the above-referenced interrogatories, Plaintiff stated that she would supplement her responses, and to date, that has not occurred. Defendant hereby demands that Plaintiff supplement her responses to these interrogatories to provide responsive information.

**<u>Document Request Nos. 22-23 and Interrogatory Nos. 13-15</u>**

The above-referenced document requests and interrogatories sought documents and information regarding the electronic devices, physical addresses, internet networks, and IP addresses used by Plaintiff to access the Website.

In response to the document requests, Plaintiff did not produce any documents, and the only information that Plaintiff provided in response to the interrogatories was that: (1) she used a personally owned Windows-based laptop with JAWS screen reader to access the Website, and (2) "she accessed the Website within the State of Illinois, but declines to disclose a specific street address." Further, Plaintiff stated that she "does not maintain records of historical IP addresses associated with any device or network, lacks personal knowledge of such technical data, and is therefore unable to provide the requested information after reasonable inquiry."

Please be advised that electronic devices, physical addresses, internet networks, and IP addresses used by Plaintiff to access the Website are relevant to this action, specifically to establish whether, from where and from which device(s), and how often Plaintiff accessed the Website. Further, if Plaintiff is still in possession of the Windows-based laptop used to access the Website, she should easily be able to determine its IP address. Conversely, if Plaintiff is no longer in possession of the Windows-based laptop used to access the Website, Defendant requests that she provide the following information: (1) the date upon which Plaintiff no longer possessed the Windows-based laptop, (2) the reason Plaintiff no longer possesses the Windows-based laptop, (3) the current location of the Windows-based laptop, and (4) the name, phone number, and address of the individual currently in possession of the Windows-based laptop. Please note that Defendant reserves the right to conduct a forensic review and analysis of the Windows-based laptop and any other electronic device(s) used by Plaintiff in this action and in her 40 other identical lawsuits.

Defendant hereby demands that Plaintiff supplement her responses to these interrogatories and document requests to provide responsive documents and information.

**<u>Document Request No. 15 and Interrogatory No. 8</u>**

In response to the above-referenced document request and interrogatory, Plaintiff indicated that she was refusing to provide a medical authorization or the name of her healthcare providers

because (a) they seek information protected by HIPAA, (b) "Plaintiff's disability is not in dispute and does not require evidentiary proof at trial," and (c) "the Federal Rules do not require the execution of medical authorizations."

Defendant has not conceded, and does not concede, that Plaintiff has a qualified disability within the meaning of the Americans with Disabilities Act ("ADA"). By asserting a claim under the ADA based on her alleged status as a legally blind, visually-impaired person (*see* Dkt. No. 1, ¶¶ 2, 65), Plaintiff has put her physical condition directly at issue and at the heart of this matter. *See* 735 Ill. Comp. Stat. § 5/8-802(4). Defendant is entitled to discovery to confirm the existence of her alleged impairment, and the extent of the same with regard to her allegations in the Complaint, including her ability to access the Website, Therefore, contrary to Plaintiff's assertion, her alleged disability is very much in dispute.

As a result, Defendant is entitled to obtain any and all medical records relating to Plaintiff's alleged visual impairment. *See* 735 Ill. Comp. Stat. § 5/8-802(4).

***

To ensure that discovery proceeds in a timely manner, and to avoid unnecessary motion practice, please supplement Plaintiff's responses by no later than January 15, 2026, and note that the parties must file a joint status report with the Court on January 16, 2026.

Thank you for your anticipated cooperation. If you have any questions, please do not hesitate to contact me at (315) 425-2702.

Very truly yours,

*/s/ Ross M. Greenky*

Ross M. Greenky