# Exhibit O

**Greenky, Ross M.**

**From:** Thorpe, Robert J.
**Sent:** Wednesday, June 17, 2026 6:28 PM
**To:** David Reyes; Greenky, Ross M.
**Cc:** Alison Chan; Asher Cohen; EALG Case Managers; Eliezer Lekht; Partner MORRIS
**Subject:** RE: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

David,

We have been beyond patient.

I encourage you to review the entire e-mail string below, which we intend to share with the Court if forced to proceed with a motion to compel. It has been more than two months and yet we still have no answers with respect to Plaintiff's laptop, let alone any documents or information responsive to our discovery demands. Instead, we have received flip-flopping positions, multiple excuses, and obvious delay tactics, rather than substantive responses to the discovery issues at hand.

By close of business on Friday, please provide the names of the experts with whom Plaintiff has been consulting, the dates upon which she consulted with those experts, and the anticipated date by which (a) an expert will be retained and (b) that expert will complete the forensic review. Defendant also reserves the right to conduct its own forensic examination of Plaintiff's laptop.

Please again be guided by the decisions in *Jimenez v. Hyatt Corp.*, 2025 U.S. Dist. LEXIS 148432 (E.D. Cal. 2025) and *Pittman v. Hazel and Olive, Inc.*, Case No. 25-cv-7791, at Dkt. No. 49 (N.D. Ill. March 19, 2026).

Thank you,

Rob

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, June 12, 2026 12:00 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Alison Chan <Achan@Ealg.law>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>; Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

**SUBJECT TO FRE 408 – SETTLEMENT COMMUNICATIONS**
Settlement Purposes Only***
Hi Ross,
I wanted to follow up on my email below.

Before the parties incur additional expenses associated with experts, motion practice, and further discovery proceedings, please let me know whether Defendant has any interest in exploring a resolution of this matter.

Plaintiff remains willing to discuss settlement, including a commitment to remediate the website in substantial conformance with WCAG 2.1 Level AA within twelve (12) months and a mutually agreeable resolution of the remaining issues. If your client is interested in having that discussion, I am available today.

Sincerely,


DAVID B. REYES
ASSOCIATE ATTORNEY

718-554-0237
dreyes@ealg.law

EQUAL ACCESS LAW GROUP, PLLC



**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.


---

**From:** David Reyes <Dreyes@Ealg.law>
**Date:** Thursday, June 11, 2026 at 11:57 AM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Alison Chan <Achan@Ealg.law>, Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Eliezer Lekht <Elekht@Ealg.law>, Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

**SUBJECT TO FRE 408 – SETTLEMENT COMMUNICATIONS**
Settlement Purposes Only***
Hi Ross,
Thank you for your email.

Plaintiff has been consulting with and interviewing qualified forensic metadata experts regarding the issues raised in your correspondence and the information currently available. That process remains ongoing and is being undertaken in good faith.

At the same time, Plaintiff recognizes that continued litigation, expert involvement, and motion practice will result in additional expense for all parties. As courts routinely encourage the parties to explore reasonable efforts toward resolution where possible, Plaintiff remains willing to engage in settlement discussions in an effort to resolve this matter efficiently and avoid the need for further proceedings.

Plaintiff would require a commitment to remediate the website in substantial conformance with WCAG 2.1 Level AA within twelve (12) months. Subject to that requirement, Plaintiff is available to discuss a mutually acceptable resolution of the remaining issues.

If your client is interested in exploring settlement, I am available for a call today.

Sincerely,

DAVID
ASSOCIATE ATT
718-554-0237
dreyes@ealg.la
EQUAL ACCESS

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Date:** Thursday, June 11, 2026 at 8:02 AM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Alison Chan <Achan@Ealg.law>, Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Eliezer Lekht <Elekht@Ealg.law>, Partner MORRIS <smorris@vablawfirm.com>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

It has not been over two (2) weeks since our last meet and confer call regarding Plaintiff's laptop. Not to mention that we have been conferring on this discovery dispute for months. While we appreciate that Plaintiff has continued to evaluate the issues regarding her laptop, we need to move this forward in light of the July 15, 2026 fact discovery deadline, especially if Defendant needs to pursue motion practice. As a result, please provide us with any additional responsive documents and information by close of business tomorrow.

Thank you.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Thursday, June 4, 2026 5:24 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Alison Chan <Achan@Ealg.law>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>;

Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
Following our meet and confer, Plaintiff has continued to evaluate the issues raised concerning the Dell laptop. Plaintiff's assessment of the device and any potentially available responsive information remains ongoing. This is not for purposes of delay. Plaintiff is continuing, in good faith, to assess other possible avenues to confirm whether any additional responsive, non-privileged documents exist.

Plaintiff maintains all objections, including objections to any wholesale forensic examination, broad device-level inspection, or request exceeding the permissible scope of discovery. Plaintiff remains willing to continue addressing these issues without unnecessary Court intervention. We will circle back next week with an update.

Thank you for your continued efforts to meet and confer on these issues. We hope you have a wonderful weekend.

Sincerely,




**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Date:** Friday, May 29, 2026 at 12:08 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Alison Chan <Achan@Ealg.law>, Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Eliezer Lekht

<Elekht@Ealg.law>, Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
I am coordinating with my client regarding the issues raised during our meet and confer. Once I have had an opportunity to discuss those issues with my client, I will circle back with a response.

I hope to have a substantive response to you by next week. I appreciate your patience.

Sincerely,

David Reyes | Attorney at Law

Equal Access Law Group PLLC
O: 844-731-3343 | D: 718-554-0237 | E:dreyes@ealg.law

---

**From:** David Reyes <Dreyes@Ealg.law>
**Date:** Wednesday, May 27, 2026 at 10:48 AM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Alison Chan <Achan@Ealg.law>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>; Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Yes, that works.

Sincerely,
**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Wednesday, May 27, 2026 7:03:24 AM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Alison Chan <Achan@Ealg.law>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>; Partner MORRIS <smorris@vablawfirm.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

David - will 1:30 work?

> On May 27, 2026, at 7:14 AM, David Reyes <Dreyes@ealg.law> wrote:
>
> Hi Ross,

Plaintiff disagrees with Defendant's characterization of her discovery responses and rejects the insinuation that either Plaintiff or undersigned counsel engaged in any "gamesmanship." Plaintiff responded in good faith based on the information and materials presently within her possession, custody, and control, consistent with her obligations under the Federal Rules.

As reflected in Plaintiff's responses, Plaintiff does not possess the categories of electronically stored information Defendant seeks, including historical browser artifacts, cookies, or internet history from May 2025. Plaintiff has not withheld such materials. Nor is Plaintiff obligated to create documents or data that do not exist. Defendant's repeated insinuation that Plaintiff intentionally destroyed evidence is unsupported and improper.

Defendant's reliance on Jimenez is misplaced. That matter involved its own distinct factual record and specific findings by the court after motion practice and evidentiary development. No such circumstances exist here. Moreover, Plaintiff disputes Defendant's suggestion that Plaintiff's involvement in prior, unrelated ADA matters created a generalized obligation to indefinitely preserve all browser data, cookies, or forensic images of personal devices before counsel was retained in this action or before litigation concerning Defendant's Website was reasonably anticipated. Any preservation obligation is limited to relevant evidence within a party's possession, custody, or control once litigation is reasonably anticipated; it does not impose a retroactive duty to preserve all device-level data based solely on prior ADA litigation activity.

Your reference to unrelated matters involving undersigned counsel is unnecessary and inappropriate, and only reinforces Plaintiff's concern that Defendant is pursuing an improper fishing expedition into unrelated litigation rather than discovery proportional to the claims and defenses in this case.

If Defendant believes it has a legitimate basis for relief, it may present that issue to the Court, and Plaintiff will respond accordingly. That said, Plaintiff remains willing to meet and confer in good faith regarding the proper scope of Defendant's requests and proportional discovery moving forward. I am available this Wednesday afternoon for a meet and confer. Please provide times that work for you.

Sincerely,

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, May 22, 2026 10:12:31 AM
**To:** David Reyes <Dreyes@Ealg.law>; Alison Chan <Achan@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>; Partner, MORRIS (smorris@vablawfirm.com) <smorris@vablawfirm.com>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

We are disappointed by Plaintiff's responses to Defendant's second set of discovery demands, which either: (1) refuse to provide responsive documents (such as the cookies on Plaintiff's laptop or Plaintiff's laptop for forensic review), or (2) confirms that Plaintiff no longer possesses responsive documents and information, such as the URLs allegedly accessed on the Website or her laptop's internet history.

Plaintiff maintains that she did not retain the responsive documents and information because she could not reasonably anticipate litigation at the time she allegedly accessed the Website. However, her position is disingenuous in light of the fact that Plaintiff has filed 44 website accessibility lawsuits, including 12 lawsuits filed before she allegedly visited the Website on May 13, 2025. Further, Plaintiff's position that she does not have to provide responsive documents and information because she will testify to these items at her deposition is simply incorrect. Defendant does not have to "trust" Plaintiff's testimony and is entitled to relevant and responsive documents and information. If Plaintiff claims she accessed the Website on May 13, 2025, Defendant is entitled to documents and information establishing whether this is accurate, including, but not limited to, internet history, cookies, and other laptop data that would indicate website access.

It bears repeating that this exact scenario played out in *Jimenez v. Hyatt Corp*, and as previously noted, it did not end well for the plaintiff in that case. Specifically, in a website accessibility case in which the plaintiff failed to preserve internet browser history, IP address(es), and related computer data, the district court granted the defendant's motion for sanctions and ordered the plaintiff to submit her personal computer for forensic examination and to pay for such examination. 2025 U.S. Dist. LEXIS 148432 (E.D. Cal. 2025). Please note that we intend to seek similar relief from the Court in this case, and in connection with the request for sanctions, we will note the similar games you and your client played when this Court imposed sanctions in *Debbie Pittman v. Hazel and Olive, Inc.*

Do you have any availability this afternoon or on Tuesday to meet and confer? Please advise at your earliest convenience, as we intend to proceed with filing a motion next week if this discovery dispute is not soon resolved.

Note that Gavrieli has retained local counsel (copied here) to handle the in-person deposition of your client, but we are going to hold off for now on scheduling that deposition.

Thank you,

Ross

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Monday, May 18, 2026 6:37 PM
**To:** Alison Chan <Achan@Ealg.law>; Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Eliezer Lekht <Elekht@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
Attached please find the following:

1. PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS; and
2. PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES.

Please confirm receipt.
Sincerely,
<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Alison Chan <Achan@Ealg.law>
**Date:** Friday, May 15, 2026 at 11:49 AM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>, David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Eliezer Lekht <Elekht@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC
Counsel,

Thank you for your patience while we worked in good faith to identify dates that would accommodate both Plaintiff's and Plaintiff's counsel's availability. For the record, Plaintiff has not sought to delay discovery, and the time taken to provide availability was solely for purposes of coordinating mutually workable dates in light of Plaintiff's availability,  counsel's schedules, and preexisting litigation commitments, including court appearances, depositions, and other previously scheduled case-related obligations in other matters.

Plaintiff is available for deposition on the following dates and times:

Monday, June 1, 2026, 1:30pm-4:00pm CST

Tuesday, June 2, 2026, 10:00am-4:00pm CST

Wednesday, June 3, 2026, 10:00am-4:00pm CST

Please let us know which of the above options works best for Defendant, and we can coordinate the deposition notice and logistics accordingly.

Best,
Alison Chan, Esq.
Equal Access Law Group PLLC

<image005.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, May 15, 2026 11:45 AM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Alison Chan <Achan@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

We asked for available deposition dates a month ago. Respectively, it should not take a month for you to provide available deposition dates for you and your client. If we do not receive available deposition dates for you and your client by Monday, May 18, 2026 at 12:00 p.m., we will unilaterally notice her deposition.

Thank you.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Tuesday, May 12, 2026 4:20 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Alison Chan <Achan@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
We disagree with your characterization. Plaintiff is not engaging in delay tactics, and we have been attempting to coordinate scheduling in good faith.

We will provide proposed dates for Plaintiff's deposition once we are able to confirm availability. Unilaterally noticing a deposition date without first meaningfully conferring is unnecessary and likely to create avoidable scheduling issues. Plaintiff remains willing to appear for deposition on a mutually agreeable date.

To the extent Defendant nevertheless proceeds with a unilateral notice, Plaintiff reserves all rights and objections, including as to scheduling, reasonableness, and any relief that may be appropriate if the noticed date is not feasible. As for Defendant's second set of discovery requests, Plaintiff will respond by the applicable deadline and will serve responses accordingly.

Sincerely,
<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Saturday, May 9, 2026 1:37 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Alison Chan <Achan@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

We are following up on your client's availability for her deposition between now and May 29, 2026.

Please note we initially made our request for her availability over three (3) weeks ago. As a result, if we do not receive a response by May 13, we will assume that you and your client are continuing to engage in delay tactics and we will simply notice her deposition for a date unilaterally set by us and expect her to appear.

Finally, with respect to your offer to meet and confer on the remaining issues of discovery responses and deposition transcripts in other cases, we have already met and conferred on multiple occasions, and we even provided legal authority supporting our position. In response, you have refused to comply with our request without providing any legal support for the same. As a result, unless your position changes by the deadline for your responses to our second discovery demands (May 16, 2026), we intend to file a motion to compel with the Court.

Thank you.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, May 1, 2026 10:11 PM
**To:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

Hi Ross and Robert,
We disagree with Defendant's characterization of Plaintiff's responses and counsel's conduct. Plaintiff has not ignored Defendant's correspondence. Plaintiff served supplemental responses, participated in meet-and-confer discussions, provided additional clarification regarding the Dell laptop, and remains willing to confer further regarding any specific, properly framed deficiencies.

With respect to Request Nos. 11-12, Plaintiff maintains her objections. Defendant's request for deposition transcripts and discovery responses from other ADA website

accessibility lawsuits remains overbroad, disproportionate, and not reasonably tailored to the claims and defenses in this case. The fact that Plaintiff has brought other actions does not make wholesale discovery from unrelated matters automatically discoverable here. To the extent Defendant believes specific publicly filed materials from other cases are relevant, those materials are equally available to Defendant through the public docket.

With respect to the laptop and forensic inspection issues, Plaintiff likewise maintains her objections. Plaintiff has confirmed that she possesses the Dell laptop referenced in her responses and has been reminded of her continuing preservation obligations. Plaintiff does not agree to voluntarily submit her personal device for forensic examination. Defendant's new discovery requests will be reviewed and responded to in accordance with the Federal Rules and applicable deadlines. Nothing in this response should be construed as a waiver of Plaintiff's objections, including relevance, proportionality, privacy, overbreadth, and burden.

We also disagree with Defendant's continued use of accusatory language regarding Plaintiff's internet use and litigation history. Plaintiff has provided the information presently available to her and will supplement further, if applicable, under Rule 26(e).

That said, Plaintiff remains willing to meet and confer in good faith before either side seeks Court intervention. Please let me know your availability for a call next week.

As to Plaintiff's deposition, I will confer with my client regarding availability between May 4 and May 29 and provide dates shortly. Plaintiff does not agree, at this time, that Defendant is entitled to a second deposition. Plaintiff reserves all rights and objections on that issue.

I have great availability next week to meet and confer (generally late morning-afternoon). Thanks.

Sincerely,
<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Sent:** Thursday, April 30, 2026 12:52 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>; David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

David: I am following up on the highlighted portion of Ross' e-mail below. Please advise. Rob

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, April 17, 2026 5:15 PM
**To:** David Reyes <Dreyes@Ealg.law>

**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

You continue to ignore our repeated demands for supplemental responses to Defendant's Document Request Nos. 11-12, seeking deposition transcripts and discovery responses from Plaintiff's other website accessibility lawsuits, which are relevant to this action. *See, e.g. Transmerica Life Ins. Co. v. Moore*, 274 F.R.D. 602 (E.D. Ky 2011) ("In light of the fact that the depositions sought were given in substantially similar litigation and discuss substantially similar [issues], these materials reasonably could lead to other matters that could bear upon any issue that is or likely may be raised in the case.") (internal quotations omitted).

Further, your position that Defendant's demands regarding Plaintiff's laptop and a forensic review of the same constitute new discovery demands is nothing more than an additional delay tactic and/or an attempt to avoid providing responsive documents and information to which Defendant is entitled. This is especially true considering Plaintiff's suspicious explanation of her inability to provide IP addresses and her failure to use fixed internet connections to shop for products in 45 website accessibility lawsuits. Nevertheless, and though we disagree with your "new discovery" characterization, attached are Defendant's second set of document demands and interrogatories. Please be guided by the recent decision in *Jimenez v. Hyatt Corp.*, which involved a nearly identical discovery dispute in a website accessibility case and did not end well for the plaintiff. 2025 U.S. Dist. LEXIS 148432 (E.D. Cal. 2025) (granting the defendant's motion for sanctions and ordering the plaintiff, who failed to preserve evidence relating to her internet browser history, IP address(es), and related computer data, to submit her personal computer for forensic examination and to pay for that forensic examination).

Under the circumstances, we may have no choice but to proceed with a motion to compel. However, because we do not want motion practice to delay the discovery process, we would like to proceed with scheduling an in-person deposition of your client. To that end, at your earliest convenience, please provide the dates on which your client is available between May 4 and May 29. Note that Defendant reserves the right to take additional deposition testimony of Plaintiff after the resolution of Defendant's forthcoming motion to compel.

Thank you.

**Ross M. Greenky** - Partner
he/him/his
<image006.png>Syracuse <image007.png>(315) 425-2702 <image008.png>(315) 263-0338

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Thursday, April 16, 2026 4:56 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
We have reviewed your correspondence.

Plaintiff maintains that her responses to Defendant's interrogatories, including the supplemental responses served, are complete and fully compliant with the interrogatories as propounded.

To the extent Defendant's recent correspondence seeks information regarding Plaintiff's possession of her laptop, potential forensic inspection, or other device-level data, such requests go beyond the scope of Interrogatory No. 15 and constitute new discovery that has not been properly served under the Federal Rules.

Without waiving the foregoing objections, Plaintiff provides the following clarification: Plaintiff does currently possess the Dell laptop referenced in her prior responses. Plaintiff objects to any request for forensic examination, browsing history, or other intrusive device-level inspection on the grounds previously stated, including overbreadth, lack of relevance, and proportionality concerns.

If Defendant seeks further information beyond the scope of the interrogatories, it may do so through properly served discovery requests.

That said, we remain available to meet and confer regarding any specific deficiencies that fall within the scope of the interrogatories
Thanks.

Sincerely,
<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Monday, April 13, 2026 1:53 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Thank you for your response below.

As a threshold matter, we still have not received supplemental responses to Defendant's Document Request Nos. 11-12. Again, Defendant knows based on available public dockets that Plaintiff has asserted claims under the ADA in at least forty-four (44) other actions, and therefore Plaintiff and/or her legal counsel must be in possession of documents responsive to these requests. Defendant demands that Plaintiff immediately produce the following documents from any of her other website accessibility lawsuits:

1. Deposition transcripts;
2. Plaintiff's responses to document demands;
3. Plaintiff's responses to interrogatories;
4. Plaintiff's responses to request for admission; and
5. Any other responses from Plaintiff to discovery demands.

Further, as a second supplemental response to Interrogatory No. 15, you stated: "Plaintiff does not utilize a traditional home internet router or any other fixed internet connection. Instead, Plaintiff accessed Defendant's Website exclusively through a hotspot connection using her Dell laptop. Due to the nature of hotspot-based connections, it is commonly understood that IP addresses are dynamically assigned and may change each time the device connects to or disconnects from the hotspot network."

It is quite convenient (and suspicious) that Plaintiff, who has filed at least 45 website accessibility lawsuits based on her alleged inability to purchased desire products online, did not use a fixed internet connection to access these websites. Instead, Plaintiff, who wants Defendant and the Court to believe she is an avid online shopper, claims she *exclusively* accessed Defendant's Website through a hotspot which has changing IP addresses that she did not maintain records of and cannot otherwise provide. We hope you can understand our frustration that Plaintiff is well aware of her need to preserve potentially relevant evidence in anticipation of litigation, yet she has failed to do so with no proffered explanation.

As requested in Defendant's initial discovery deficiency letter and again in Defendant's March 27, 2026 discovery deficiency letter, Defendant demands that Plaintiff immediately provide responses to the following:

1. Does Plaintiff still possess the Dell Windows 10 laptop computer she used to access Defendant's Website?

2. If Plaintiff still possesses this same Dell Windows 10 laptop computer:
    1. Please state whether Plaintiff will voluntarily provide the device for forensic examination.
    2. Please be reminded that Plaintiff must maintain and preserve the device, including all internet browsing history, cookies, downloaded files, temporary internet files, browser add-on data, user activity logs, etc.

3. If Plaintiff no longer possesses the Dell Windows 10 laptop computer, Defendant demands that she provide:
    1. The date upon which she no longer possessed it,
    2. The reason she no longer possesses it, especially in light of her pending and anticipated litigation,
    3. Its current location;
    4. The name, phone number, and address of the individual currently in possession of it.

Defendant demands that you provide the documents from Plaintiff's other website accessibility lawsuits and the information regarding Plaintiff's laptop by no later than end of business Thursday, April 16, 2026. Otherwise, we will have no choice but seek the Court's intervention through motion practice.

Thank you for your anticipated cooperation. If you have any questions, please do not hesitate to contact me at (315) 425-2702.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, April 10, 2026 5:34 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>

**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,
Pursuant to our meet and confer on Tuesday, please see attached Plaintiff's Second Supplemental Responses to Defendant's First Set of Interrogatories. Plaintiff has supplemented to the extent information is presently available and reserves the right to supplement further, if necessary, consistent with Rule 26(e).

Additionally, as discussed, I am attaching a proposed HIPAA-compliant confidentiality order, along with an agreed motion for protective order, for your review. Please let me know if you have any edits. If agreeable, I can finalize and file the motion promptly.

With respect to the additional items discussed, Plaintiff confirms she accessed the website on the date alleged in the Complaint. Thanks and have a nice weekend.

Sincerely,
<image001.png>
**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, April 10, 2026 12:56 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Ross,
Understood — I will file the motion. My apologies if my prior message suggested that you would assume responsibility. I recognize this is our motion, and I will take care of filing. Thank you.

Sincerely,
<image001.png>
**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, April 10, 2026 12:54 PM
**To:** David Reyes <Dreyes@Ealg.law>

**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

David - please file the motion then. Thank you.

> On Apr 10, 2026, at 1:52 PM, David Reyes <Dreyes@ealg.law> wrote:
>
> Thanks Ross, this is approved. I will circle back on my responses shortly.
>
> Sincerely,
> <Outlook-vw4adpo2.png>
> **WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.
>
> ---
>
> **From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
> **Sent:** Friday, April 10, 2026 12:05 PM
> **To:** David Reyes <Dreyes@Ealg.law>
> **Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
> **Subject:** RE: Pittman v. Gavrieli Brands, LLC
>
> David,
>
> Attached is a revised request in motion format pursuant to the Judge’s rules and her previous order in February 2026 regarding format for extension requests. If you approve, go ahead and file under the Motion Event for extension of deadlines.
>
> ---
>
> **From:** David Reyes <Dreyes@Ealg.law>
> **Sent:** Friday, April 10, 2026 11:52 AM
> **To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
> **Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
> **Subject:** Re: Pittman v. Gavrieli Brands, LLC
>
> Good morning, Ross,

My apologies for the delay. Please see the attached draft letter regarding the discovery deadline extension. Please let me know if you are fine with the proposed dates (highlighted in yellow) or if you have something else you prefer.

I will provide Plaintiff's additional responses shortly as well.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, April 10, 2026 10:47 AM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Just a reminder that during our call that you promised additional documents and information by today, which we have not yet received.

In addition, we consented to extending the April 13 deadline to May 27, assuming other deadlines were adjusted accordingly as necessary.   However, we have not received a draft discovery deadline extension request as of yet with the deadline currently pending for Monday.

Thank you.

---

**From:** Greenky, Ross M.
**Sent:** Tuesday, April 7, 2026 5:44 PM
**To:** 'David Reyes' <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

Assuming you would account for deadlines that need to be adjusted then we consent to May 27.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Tuesday, April 7, 2026 4:31 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,

Thank you for the meet and confer today. I wanted to clarify a few points and request a brief extension so that I can review Defendant's responses and confirm certain information with my client.

First, with respect to the items discussed:

- Plaintiff will provide the IP address associated with the Dell Windows 10 laptop used to access the Website. However, I need to confer with my client regarding what historical information, if any, is available before confirming the scope of any additional browsing history. Plaintiff can confirm that she did access the Website on the date alleged in the Complaint.

- Regarding materials from other website accessibility lawsuits (deposition transcripts, discovery responses, etc.), I am continuing to review those issues and will circle back with my position shortly.

- Plaintiff will also provide a draft protective order, including HIPAA-compliant language, which we will send over.

Given the above and to allow sufficient time to review Defendant's responses and complete the above items in good faith, Plaintiff requests a short extension of the current discovery deadline. Would Defendant be amenable to extending the April 13 deadline to May 27? If agreeable, I will send over a revised discovery deadline extension similar to the one you previously drafted.

Please let me know if that works on your end.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Tuesday, April 7, 2026 3:24 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Thank you for the meet and confer call today regarding Defendant's second discovery deficiency letter dated March 27, 2026.

During our call, you confirmed that by this Friday, April 10, 2026, you will provide the IP address for the Dell Windows 10 laptop computer that Plaintiff used to access Defendant's website. Defendant also reserves the right to request a forensic review of Plaintiff's Dell Windows 10 laptop computer and/or Plaintiff's internet browsing history for the date(s) on which she allegedly accessed the Website.

During our call, you also confirmed that by this Friday, April 10, 2026, you will provide copies of the following from any of Plaintiff's other website accessibility lawsuits: (1) Deposition transcripts; (2) Plaintiff's responses to document demands, (3) Plaintiff's responses to interrogatories, (4) Plaintiff's responses to request for admission, and (5) any other responses from Plaintiff to discovery demands.

Finally, during our call, you confirmed that by this Friday, April 10, 2026, you will provide a draft of what you deem to be an appropriate HIPAA-compliant protective order.

As you are aware, Monday, April 13, is the deadline for the Parties to issue written discovery demands. In light of the anticipated production of the items above and the desire to avoid motion practice, please let us know if you will consent to an extension of this deadline until April 27.

Thank you.

---

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Monday, April 6, 2026 4:01 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

This works perfectly for me. Please call me cell: 630-352-6997. Thanks.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Date:** Monday, April 6, 2026 at 2:59 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

How about 3:30

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Monday, April 6, 2026 3:58 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,

My morning has been taken up. Do you have some time in the afternoon?

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Date:** Monday, April 6, 2026 at 1:50 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>, Thorpe, Robert J. <RThorpe@barclaydamon.com>, Alison Chan <Achan@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Let talk at 11:30 tomorrow if that still works.

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Monday, April 6, 2026 10:44 AM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Good morning Ross,

I have great availability on Tuesday from 11am-1pm. I also have availability any time after 3pm.

Sincerely,

David Reyes | Attorney at Law

Equal Access Law Group PLLC
O: 844-731-3343 | D: 718-554-0237 | C: 630-352-6997 | E:dreyes@ealg.law

A: 68-29 Main Street, Flushing, NY 11367

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, April 3, 2026 6:01 PM
**To:** David Reyes <Dreyes@Ealg.law>

**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>; Alison Chan <Achan@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

David,

Is our stand that these responses are still deficient and insufficient. Please let me know your availability on Tuesday to meet and confer.

> On Apr 3, 2026, at 6:23 PM, David Reyes <Dreyes@ealg.law> wrote:
>
> Dear Ross,
>
> Please see the attached letter responding to Defendant's March 27, 2026 correspondence regarding Plaintiff's supplemental discovery responses.
>
> Plaintiff believes she has substantially complied with her discovery obligations. Nevertheless, in the interest of cooperation, Plaintiff will review her responses and supplement, if necessary, consistent with the timeline set forth in the attached letter. Plaintiff also remains available to meet and confer regarding any remaining issues.
>
> Please let me know if you would like to schedule a call to discuss.
>
> Have a great weekend.
>
> Sincerely,
>
> <Outlook-5jkjkr5i.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, March 27, 2026 3:11 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>; Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Attached please find a second discovery deficiency letter in the above matter.

To ensure that discovery proceeds in a timely manner, and to avoid unnecessary motion practice, please supplement Plaintiff's responses and produce the requested documents by no later than April 3, 2026.

We prefer to avoid seeking judicial intervention, and we suspect you do as well, particularly in light of the recent sanctions order issued against you in *Debbie Pittman v. Hazel and Olive, Inc.*

Please be guided accordingly.

Thank you,

Ross

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

Hi Robert and Ross,

Plaintiff is serving her Supplemental Objections and Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents today. To the extent responsive, non-privileged documents exist within Plaintiff's possession, custody, or control, they are being produced.

Plaintiff is finalizing execution of the verification page for her Supplemental Interrogatory Responses and will provide the signed verification promptly upon receipt. No substantive changes will be made to the served responses. To the extent you believe any specific response remains deficient after review of the supplements, we are available to meet and confer in good faith prior to any motion practice. Thanks and have a great weekend.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Sent:** Tuesday, February 17, 2026 8:00 AM

**To:** David Reyes <Dreyes@Ealg.law>; Greenky, Ross M.
<rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers
<EALGCaseManagers@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

David,

Following up again.

We sent you a discovery deficiency letter on January 7. On January 16, you stated your intention to provide supplemental discovery responses, and on January 28, having received nothing from you, we followed up again. On January 30, you stated you would "reach out sometime next week and will circle back" regarding the discovery deficiency letter, but that never happened. On February 10, we followed up yet again, but you have not responded to that communication.

To date, we have not received supplemental responses or any document production, despite your repeated promises. As you are aware, the written discovery deadline in this matter is February 27. If we do not receive supplemental responses and the requested documents by February 20, we will have no choice but to seek judicial intervention.

Please be guided accordingly.

Thank you,

Rob

**From:** Thorpe, Robert J.
**Sent:** Tuesday, February 10, 2026 3:06 PM
**To:** 'David Reyes' <Dreyes@Ealg.law>; Greenky, Ross M.

<rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

David: We did not hear from you last week. Please advise. Thank you. Rob

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, January 30, 2026 1:03 PM
**To:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

Hi Rob,

Thanks for following up. We will reach out sometime next week and will circle back regarding your meet-and-confer letter after Wednesday.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

**From:** Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Date:** Wednesday, January 28, 2026 at 7:27 AM
**To:** David Reyes <Dreyes@Ealg.law>, Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Asher Cohen <Acohen@Ealg.law>, EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC [IMAN-ACTIVE.FID3486967]

Thanks, David.  Do you still intend to supplement the plaintiff's discovery responses and produce the documents we requested?  You previously advised that was going to happen last week, but we have not yet received supplemental responses or any documents.  The written discovery deadline is fast approaching and, at this point, we are likely going to need to push that deadline back (and perhaps other discovery deadlines).  Rob

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Monday, January 26, 2026 11:06 AM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,

I wanted to let you know that we have now received the client's signed verification for the interrogatory responses. Apologies on the delay here.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, January 16, 2026 1:35 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

Approved.  Thank you

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, January 16, 2026 2:32 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Thanks Ross,

I made the change (please see redline). I am also attaching a clean copy for your approval.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, January 16, 2026 12:25 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** RE: Pittman v. Gavrieli Brands, LLC

David,

Rob mentioned that you guys connected on a call and you intend to supplement next week.

The only change we would like to the Status Report is that Defendant *intends* to take depositions instead of *may*. Otherwise, we are ok with the rest of the Report.

**From:** David Reyes <Dreyes@Ealg.law>
**Sent:** Friday, January 16, 2026 1:00 PM
**To:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

Hi Ross,

We are in receipt of your January 7, 2026 correspondence.

Plaintiff is in the process of serving a signed verification to her interrogatory responses pursuant to Rule 33(b)(5). We have been working to obtain the client's signature, though she has been difficult to reach, and we will serve the verification promptly upon receipt. Plaintiff will also be serving limited supplemental responses pursuant to Rule 26(e) to clarify the status of her discovery responses.

As reflected in the forthcoming supplements, Plaintiff maintains her previously asserted objections, including objections to requests seeking historical IP address information, forensic inspection of personal electronic devices, and medical records or authorizations. Plaintiff has conducted a reasonable search and will clarify the extent to which any non-privileged responsive documents exist, if any.

Attached please find Plaintiff's proposed Joint Status Report for your review and approval. Please let me know if you have any comments or proposed edits so we can finalize and file it today.

Plaintiff believes these supplements address the issues raised in your letter. To the extent Defendant believes any dispute remains, Plaintiff is available to meet and confer in good faith prior to any motion practice. Plaintiff has also never closed the door on the possibility of settlement and remains open to continuing settlement discussions.

Sincerely,

<image001.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Friday, January 16, 2026 6:07 AM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>; Asher Cohen <Acohen@Ealg.law>; EALG Case Managers <EALGCaseManagers@Ealg.law>
**Subject:** Re: Pittman v. Gavrieli Brands, LLC

David,

As a reminder, we have a status report due to the Court today. Please let us know when we can expect a response to our letter.

> On Jan 9, 2026, at 1:20 PM, David Reyes <Dreyes@ealg.law> wrote:

Good afternoon Ross,

I have not had a chance to review your letter, but I can confirm receipt and will follow up with you and Robert next week Tuesday.

Sincerely,

<Outlook-iqndz4es.png>

**WARNING:** This E-mail, and any attachments, are covered by the Electronic Communications Privacy Act, 18 U.S.C. §2510-2521. This email may contain confidential and legally privileged information. The contents of this e-mail, and any attachments, are intended solely for the use of the person or entity to whom the e-mail was addressed. This email may also contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable Federal and State laws. If you are not the intended recipient of this email **you are advised that any dissemination, distribution, or use of the contents of this message is strictly prohibited**. If you received this e-mail message in error, please contact the sender by reply e-mail or phone. Please also permanently delete all copies of the original e-mail and any attachments.

---

**From:** Greenky, Ross M. <rgreenky@barclaydamon.com>
**Sent:** Wednesday, January 7, 2026 2:05 PM
**To:** David Reyes <Dreyes@Ealg.law>
**Cc:** Thorpe, Robert J. <RThorpe@barclaydamon.com>
**Subject:** Pittman v. Gavrieli Brands, LLC

David,

Attached please find a Discovery Deficiency Letter for the above matter.

Thank you.

**Ross M. Greenky**

Pronouns: he/him/his

Partner

BARCLAY DAMON LLP

Barclay Damon Tower • 125 East Jefferson Street • Syracuse, NY 13202

D: (315) 425-2702 • F: (315) 703-6246 • C: (315) 263-0338

E: rgreenky@barclaydamon.com

**www.barclaydamon.com • vCard • Profile**

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain cor
to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that a
distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this t
notify the sender immediately by e-mail and delete the original message.

<Pittman v. Gavrieli letter.pdf>