# Exhibit S

**Ross M. Greenky**
*Partner*

March 27, 2026

**VIA E-MAIL**

David Reyes, Esq.
Equal Access Law Group, PLLC
68-29 Main Street
Flushing, New York 11367

Re: Debbie Pittman v. Gavrieli Brands, LLC

Dear David:

We are writing on behalf of Defendant Gavrieli Brands, LLC ("Defendant") with regard to remaining deficiencies in Plaintiff Debbie Pittman's ("Plaintiff") supplemental responses to Defendant's First Set of Interrogatories and First Request for Production of Documents dated February 20, 2026. Defendant hereby again requests that Plaintiff supplement her responses to the following discovery demands or, in each instance, confirm she is not in possession of any documents or information responsive to said demands.

**Document Request Nos. 11-12**

In her supplemental response to the above-referenced document requests, Plaintiff states that she is not in possession, custody, or control of any non-privileged documents beyond what has already been disclosed. This response suggests that Plaintiff has produced documents; however, to date, Plaintiff has failed to produce a single document in response to this (or any other) request.

Plaintiff further states that she is not withholding any responsive documents subject to any objection or privilege. However, Defendant knows based on available public dockets that Plaintiff has asserted claims under the ADA in at least forty-two (42) other actions, and therefore Plaintiff and/or her legal counsel must be in possession of documents responsive to these requests, such as pleadings, discovery responses, document productions, deposition transcripts, etc. Defendant demands that Plaintiff immediately produce the requested documents.

**Document Request Nos. 22-23 and Interrogatory Nos. 13-15**

The above-referenced document requests and interrogatories sought documents and information regarding the electronic devices, physical addresses, internet networks, and IP addresses used by Plaintiff to access the Website.

In her supplemental response to the document requests and interrogatories, Plaintiff did not produce any documents, and the only additional information that Plaintiff provided in response was that: (1) she used a Dell Windows 10 laptop computer with JAWS screen reader installed to

access the Website at home with a standard residential internet connection, and (2) she "does not maintain records of historical IP addresses and will not create documents that do not exist."

Plaintiff's supplemental responses continue to imply that she cannot provide IP addresses used to access the Website because she no longer possesses the Dell Windows 10 laptop computer.[1] If that is the case (and as requested in Defendant's initial discovery deficiency letter), then Defendant demands that Plaintiff provide the following information: (1) the date upon which she no longer possessed the Dell Windows 10 laptop computer, (2) the reason she no longer possesses the Dell Windows 10 laptop computer in light of her pending and/or anticipated litigation, (3) the current location of the Dell Windows 10 laptop computer, and (4) the name, phone number, and address of the individual currently in possession of the Dell Windows 10 laptop computer.

Further, in her supplemental responses to these document requests, Plaintiff "objects to any request for forensic imaging, inspection, or examination of her personal device(s), as such discovery is not justified absent a showing of need and proportionality." However, Defendant undoubtedly has the right to conduct a forensic review and analysis of the Dell Windows 10 laptop computer and any other electronic device(s) used by Plaintiff in this action. These electronic devices, and in particular the Dell Windows 10 laptop computer she admittedly used to access the Website, are relevant to this action and Plaintiff's standing to maintain it, specifically to establish whether, from where and from which device(s), and how often Plaintiff accessed the Website.

Defendant hereby demands that Plaintiff supplement her responses to these interrogatories and document requests to provide responsive documents and information.

**Document Request No. 15 and Interrogatory No. 8**

In her supplemental responses, Plaintiff indicated that she "will produce relevant, non-privileged medical records reasonably related to the condition(s) at issue, following the entry of an appropriate HIPAA-compliant protective order." Defendant hereby demands that Plaintiff provide a draft of what she deems an appropriate HIPAA-compliant protective order for Defendant's consideration.

***

To ensure that discovery proceeds in a timely manner, and to avoid unnecessary motion practice, please supplement Plaintiff's responses by no later than April 3, 2026.

Thank you for your anticipated cooperation. If you have any questions, please do not hesitate to contact me at (315) 425-2702.

Very truly yours,

*/s/ Ross M. Greenky*

Ross M. Greenky

[1] If this implication is incorrect and Plaintiff still possesses the Dell Windows 10 laptop computer, then she should easily be able to determine its IP address and provide that IP address to Defendant.