# Exhibit T

EQUAL ACCESS
LAW GROUP PLLC

NOTICE TO AGENTS IS NOTICE PRINCIPALS NOTICE TO PRINCIPALS IS NOTICE TO AGENTS

April 3, 2026

**VIA EMAIL**

Ross M. Greenky, Esq.
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

Re: *Pittman v. Gavrieli Brands, LLC*

Dear Counsel,

We write in response to your March 27, 2026 letter concerning alleged deficiencies in Plaintiff Debbie Pittman's supplemental responses to Defendant's First Set of Interrogatories and First Request for Production. Plaintiff maintains that her supplemental responses were made in good faith and are consistent with her obligations under the Federal Rules of Civil Procedure. Nevertheless, in the interest of cooperation and to avoid unnecessary motion practice, Plaintiff responds as follows.

**Document Request Nos. 11–12**

Plaintiff has produced all responsive, non-privileged documents within her possession, custody, or control. To the extent Defendant seeks pleadings, discovery materials, deposition transcripts, or other documents from unrelated litigation, such requests are overbroad and not proportional to the needs of this case. Moreover, many such materials are publicly available and equally accessible to Defendant. Plaintiff is not required to collect or reproduce documents from unrelated matters, particularly where they are not within her possession, custody, or control. Subject to and without waiving said objection, Plaintiff therefore stands on her objections and responses to these requests.

**Document Request Nos. 22–23 and Interrogatory Nos. 13–15**

Plaintiff has provided all information reasonably available to her regarding the device used to access the Website. Plaintiff accessed the Website using a Dell laptop running Windows 10 Pro with JAWS screen reader software. Plaintiff has used other devices at different times, but those devices were not used to access Defendant's Website.

Plaintiff does not maintain historical IP address records, logs, screenshots, or other records reflecting the access at issue. Plaintiff is not required to create documents that do not exist.

Defendant's requests seeking forensic imaging, inspection, or examination of Plaintiff's personal device(s), as well as additional information regarding device disposition or location, are

disproportionate, intrusive, and not warranted absent a specific showing of need. Courts routinely deny such requests where, as here, there is no evidence of spoliation or withholding.

Subject to and without waiving said objection, Plaintiff is not in possession of any additional responsive documents or information that has not already been provided but will review whether any additional non-privileged information can be provided and will supplement, if appropriate.

**Document Request No. 15 and Interrogatory No. 8**

Plaintiff remains willing to produce relevant, non-privileged medical records reasonably related to the condition(s) at issue following entry of an appropriate HIPAA-compliant protective order. Subject to and without waiving said objection, Plaintiff will circulate a proposed HIPAA-compliant protective order for Defendant's review.

Plaintiff believes she has substantially complied with her discovery obligations. Nonetheless, in the spirit of cooperation and subject to and without waiving said objection, Plaintiff will review her responses and supplement, if necessary, on or before April 10, 2026. Plaintiff also remains available to meet and confer regarding any remaining issues in an effort to avoid motion practice.

Respectfully submitted,

*/s/ David Reyes*