# Exhibit U

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEBBIE PITTMAN, on behalf of herself and all others similarly situated**<br><br>Plaintiffs,<br><br>v.<br><br>**Gavrieli Brands, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: **1:25-cv-7938** |

**PLAINTIFF'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Debbie Pittman ("Plaintiff"), by and through her undersigned counsel, Equal Access Law Group PLLC, hereby submits the following second supplemental objections and responses to Defendant Gavrieli Brands, LLC's ("Defendant" or "Gavrieli") First Set of Interrogatories ("Interrogatories"). Plaintiff's second supplemental responses are made pursuant to Rule 33 of the Federal Rules of Civil Procedure and subject to the General Objections set forth below. Plaintiff reserves the right to amend, supplement, or correct these supplemental responses as discovery continues, as permitted or required under Rule 26(e), applicable scheduling orders, and the Federal Rules of Civil Procedure. Plaintiff asserts the following General Objections, which are incorporated into each individual response to the extent applicable:

1. Overbreadth, Burden, and Proportionality

Plaintiff objects to the Interrogatories to the extent they are overbroad, unduly burdensome, not proportional to the needs of the case, or seek information beyond the scope of Rule 26(b)(1), including information that is irrelevant to the claims or defenses in this ADA Title III action.

2. Improper Attempts to Elicit Legal Conclusions

Plaintiff objects to any Interrogatory that seeks legal conclusions, legal contentions prematurely, or interpretations of statutes, regulations, WCAG standards, or ADA legal obligations, which are issues reserved for briefing and judicial determination.

3. Privilege and Work Product

Plaintiff objects to the Interrogatories to the extent they seek information protected by the attorney–client privilege, the work-product doctrine, or any other applicable privilege, including mental impressions, legal strategy, litigation preparation, attorney communications, expert-related materials, or materials prepared in anticipation of litigation. Nothing in these responses shall be construed as a waiver of any privilege.

4. Expert-Level, Technical, or Specialized Information

Plaintiff objects to any Interrogatory that requires technical, expert-level accessibility testing, source-code review, WCAG conformance assessment, ARIA/semantic analysis, usability evaluation, or other information outside Plaintiff's personal knowledge and requiring expert testimony.

5. Information Outside Plaintiff's Personal Knowledge

Plaintiff objects to Interrogatories to the extent they seek information regarding: a. Defendant's internal policies, practices, coding structure, accessibility controls, or technical operations; b. the experiences of other blind or visually impaired users; c. information that Plaintiff cannot reasonably obtain through her own experience.

6. Temporal, Device, and Configuration Variability

To the extent an Interrogatory assumes website stability, uniform coding behavior, or consistent assistive-technology output across time, devices, browsers, operating systems, or

screen-reader configurations, Plaintiff objects because such assumptions are unsupported and improper.

7. Assumptions, Mischaracterizations, and Embedded Facts

Plaintiff objects to Interrogatories that: a. assume facts not in evidence, b. mischaracterize Plaintiff's experience, or c. misstate allegations in the Complaint.

8. Prior Lawsuits and Litigation History

Plaintiff objects to any Interrogatory seeking information concerning Plaintiff's involvement in unrelated lawsuits, claims, settlements, or litigation history, which is irrelevant, harassing, disproportionate, and not reasonably calculated to lead to admissible evidence.

9. Confidential, Private, or Sensitive Personal Information

Plaintiff objects to Interrogatories that seek unnecessary or invasive personal details, including medical history unrelated to this ADA Title III claim, unless expressly relevant and proportional.

10. Continuing and Supplementing Plaintiff's investigation is ongoing.

Discovery has not closed. Plaintiff reserves the right to supplement, modify, or amend these responses pursuant to Rule 26(e) based on information obtained during discovery, expert evaluation, additional accessibility testing, or other developments.

## INTERROGATORIES

**INTERROGATORY NO. 6.** Describe in detail the condition(s) or impairment(s) that Plaintiff alleges renders her disabled under the Americans with Disabilities Act ("ADA"), as alleged in Plaintiff's Complaint.

***ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory to the extent it seeks medical diagnoses, medical records, clinician-level detail, or confidential health information beyond what is required to establish standing under Title III of the ADA. Plaintiff further objects that the Interrogatory is overly broad, seeks information not proportional to the needs of the case, and improperly requests private health information that is***

*neither relevant nor necessary because Title III does not require disclosure of medical records or detailed diagnostic information. Plaintiff also objects to the extent this Interrogatory invades Plaintiff's privacy rights and seeks information protected under federal and state confidentiality laws.*

*Subject to and without waiving the foregoing objections, Plaintiff responds as follows:*

*Plaintiff is blind and has a visual impairment that substantially limits one or more major life activities, including but not limited to seeing, navigating websites, independently accessing digital content, and perceiving visual information without the use of assistive technology. Plaintiff relies on screen-reader technology (including JAWS) to access websites and digital interfaces. The inaccessibility barriers described in the Complaint interfered with Plaintiff's ability to navigate, understand, and complete a transaction on Defendant's Website, thereby denying her full and equal enjoyment of the goods, services, privileges, and accommodations offered to the public.*

*Plaintiff will supplement this response at the appropriate time and as required by Fed. R. Civ. P. 26(e). As discovery is ongoing, Plaintiff reserves the right to amend this response.*

*SUPPLEMENTAL ANSWER: Plaintiff is visually impaired individual who qualifies as a disabled individual pursuant to § 35.108 of the Americans with Disability Act. Plaintiff suffers from a physical impairment that substantially limits one or more of the major life activities. Plaintiff has an "actual disability" pursuant to § 35.108(b)(1) which describes a physical impairment to mean any physiological disorder or condition, or anatomical loss affecting one or more body systems. Furthermore, Plaintiff suffers from Physical impairment including, but is not limited to a condition such as visual impairment pursuant to § 35.108(b)(2).*

*Plaintiff suffers from retinitis pigmentosa (RP), later diagnosed as Goldmann-Favre syndrome (GFS). She became blind at the age of twelve and has no functional vision. Due to her visual impairment, Plaintiff relies on a seeing-eye dog (service animal) for mobility and daily activities.*

**SECOND SUPPLEMENTAL ANSWER: Subject to and without waiving the foregoing objections, Plaintiff incorporates her previous answers, and refers Defendant to Plaintiff's Exhibit B: Blindness Verification.**

**INTERROGATORY NO. 15.** Using each internet network and each electronic device Plaintiff used to access Gavrieli's website, state the IP address for each of said electronic devices and the date(s) that Plaintiff used said electronic devices to access Gavrieli's website.

*ANSWER: Plaintiff incorporates her General Objections. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, intrusive, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1). The Interrogatory seeks sensitive personal digital-identifier information (including historical IP address data) that Plaintiff does not maintain, track, or have personal access to, and which would require forensic-level investigation, technical examination, or*

***access to third-party ISP or device-level logs not reasonably obtainable by Plaintiff. This Interrogatory further seeks information outside Plaintiff's personal knowledge, calls for speculation, and improperly shifts the burden of technical investigation to Plaintiff. Plaintiff also objects that the requested information is not relevant to any claim or defense in this Title III ADA action, and raises privacy and security concerns.***

***Subject to and without waiving the foregoing objections, Plaintiff does not maintain records of historical IP addresses associated with any device or network, lacks personal knowledge of such technical data, and is therefore unable to provide the requested information after reasonable inquiry. As discovery is ongoing, Plaintiff reserves the right to amend this response.***

***SUPPLEMENTAL ANSWER: Plaintiff is not withholding any presently known responsive information and will supplement, if necessary.***

**SECOND SUPPLEMENTAL ANSWER: Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

**Plaintiff does not utilize a traditional home internet router or any other fixed internet connection. Instead, Plaintiff accessed Defendant's Website exclusively through a hotspot connection using her Dell laptop. Due to the nature of hotspot-based connections, it is commonly understood that IP addresses are dynamically assigned and may change each time the device connects to or disconnects from the hotspot network.**

**Plaintiff reiterates that she accessed Defendant's Website, Tieks.com, on May 13, 2025, and attempted to purchase a pair of foldable ballet flats, and was unable to complete her intended purchase due to the accessibility barriers present on Defendant's Website.**

**Plaintiff further reiterates that she does not maintain records of historical IP addresses associated with any device or network, lacks personal knowledge of such technical data, and is therefore unable to provide the requested information after reasonable inquiry. At this time, Plaintiff is not withholding any presently known responsive information and will supplement, if necessary.**

**Dated:** April 10, 2026

**EQUAL ACCESS LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: <u>*/s/ David B. Reyes*</u>
David B. Reyes
68-29 Main Street
Flushing, NY 11367
O: (844) 731-3343
C: (718) 554-0237
Email: Dreyes@ealg.law

## VERIFICATION

I, DEBBIE PITTMAN, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing **Plaintiff's Second Supplemental Objections and Responses to Defendant's First Set of Interrogatories**, and that the answers contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 10th day of April, 2026.

______________________________

Debbie Pittman

**CERTIFICATE OF SERVICE**

David B. Reyes, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of EQUAL ACCESS LAW GROUP, PLLC, attorneys for Plaintiff DEBBIE PITTMAN.

2. On April 10, 2026, I caused a true copy of the within Plaintiff's Supplemental Objections and Responses to Defendant's First Set of Interrogatories to be served upon counsel for Defendant via e-mail to:

Ross M. Greenky, Esq.
Barclay Damon LLP
Email: Rgreenky@barclaydamon.com
***Attorneys for Defendant***

3. I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ *David B. Reyes*

David B. Reyes, Esq.