# Exhibit W

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Debbie Pittman, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Gavrieli Brands, LLC,<br><br>Defendant. | Case No. 1:25-cv-07938 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Debbie Pittman ("Plaintiff"), by and through her undersigned counsel, Equal Access Law Group PLLC, hereby responds and objects to Defendant Gavrieli Brands, LLC's ("Defendant" or "Gavrieli") Second Request for Production of Documents ("Requests") pursuant to Federal Rules of Civil Procedure 26 and 34 as follows:

## PRELIMINARY STATEMENT

These Supplemental Objections and Answers ("Objections and Responses") reflect Plaintiff's present knowledge, understanding, and belief concerning the matters addressed herein. Plaintiff's responses are based on information reasonably available to her after a reasonable inquiry at this time and are made without prejudice to Plaintiff's right to supplement, amend, or correct these responses in accordance with the Federal Rules of Civil Procedure as discovery proceeds and additional information becomes available, as further investigation is conducted, or as opinions are provided by experts retained to testify in this matter. Plaintiff will supplement these responses to the extent required by the Federal Rules of Civil Procedure, including Rule 26(e), and the Local Rules of the United States District Court (the "Local Rules"), as well as any applicable scheduling order.

Plaintiff further expressly reserves the right to rely upon at any time, including at trial, any subsequently discovered information, whether obtained through ongoing discovery, additional document review, third-party disclosures, expert analysis, or any other source. Plaintiff's review of the matters inquired into by Defendant's discovery requests is continuing, and Plaintiff reserves the right to provide additional information, objections, or clarifications as appropriate.

These Objections and Responses are made solely for purposes of this litigation. By providing these responses, Plaintiff does not concede the relevance or admissibility of any information requested, nor does Plaintiff waive any applicable objections, privileges, or protections. All objections asserted herein are expressly preserved.

## GENERAL OBJECTIONS

Each of the Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections or a partial answer to any individual Interrogatory does not waive any of the Plaintiff's general objections. These General Objections are incorporated by reference into each specific response below and are not waived by Plaintiff's agreement to respond to any particular Request.

1. Plaintiff objects to each and every Request to the extent that it seeks materials protected by the attorney-client privilege, the work product doctrine under Federal Rule of Civil Procedure 26(b)(3), or any other applicable privilege or protection. No privileged or protected materials will be produced, and any inadvertent production shall not constitute a waiver of any applicable privilege or protection.

2. Plaintiff objects to each and every Request to the extent it seeks materials prepared in anticipation of litigation by or for Plaintiff or Plaintiff's representatives, including counsel and

any consultant retained at the direction of counsel in connection with this action.

3. Plaintiff objects to each and every Request to the extent that seeking information and/or documents already in Defendant's knowledge or possession.

4. Plaintiff objects to each and every Request to the extent that it is seeking information and/or documents that constitute personal proprietary or confidential information. Such information will only be produced subject to an appropriate protective order under Fed. R. Civ. Pro. 26(c).

5. Plaintiff objects to each and every Request to the extent that it is seeking information and/or documents that are unreasonably cumulative, less burdensome or less expensive to the extent that locating, collecting, or producing the information would impose an undue burden or cost.

6. Plaintiff objects to each and every Request to the extent that it is vague, ambigious, overbroad, unduly burdensome, or disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff further objects to the extent it seeks discovery that would impose undue expense or burden.

7. Plaintiff objects to each and every Request to the extent that the burden of deriving or ascertaining the requested information is substantially the same for Defendant as it is for Plaintiff. Plaintiff will not undertake duplicative efforts where Defendant has equal access to the same information or records.

8. Plaintiff objects to each and every Request to the extent that they attempt to impose obligations greater than those established by the Federal Rules of Civil Procedure.

9. Plaintiff objects to each and every Request to the extent that it seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case.

10. These General Objections are incorporated by reference into each specific response below and are not waived by Plaintiff's agreement to respond to any particular Request.

Therefore, subject to and without waiving the general objections, Plaintiff responds as follows:

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents, electronically stored information, or tangible things reflecting the internet browsing history of all internet browsers on Plaintiff's Dell Windows 10 laptop computer for May 13, 2025, and other date(s) that Plaintiff alleges she visited Defendant's website, https://www.tieks.com/ (the "Website").

**ANSWER: Plaintiff objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and invasive of Plaintiff's privacy under Federal Rule of Civil Procedure 26(b)(1). The Request demands the entirety of Plaintiff's internet browsing history across all browsers on her personal laptop for a full day—and potentially additional unspecified dates—sweeping in private, privileged, and patently irrelevant information bearing no relationship to any claim or defense at issue. The only information relevant to this litigation is whether Plaintiff visited Defendant's website and the accessibility barriers she encountered; wholesale production of her daily browsing history is not tailored to that inquiry.**

**Plaintiff further objects to the extent the Request constitutes device-level discovery. Courts in this District have consistently held that such discovery requires a particularized showing that the requesting party cannot otherwise obtain through less intrusive means, that the responding party has withheld or concealed responsive information, or that targeted discovery has proven inadequate. See *Alight Sols. LLC v. Thomson*, No. 20 C 3043, 2021 WL 5121896, at *12–15 (N.D. Ill. Nov. 3, 2021); *Belcastro v. United Airlines, Inc.,* No. 17 C 1682, 2019 WL 7049914, at *2 (N.D. Ill. Dec. 23, 2019); *Hespe v. City of Chicago,* No. 13 C 7998, 2016 WL 7240754, at *4–5 (N.D. Ill. Dec. 15, 2016). No such showing has been made here.**

**Plaintiff further objects to the phrase "other date(s) that Plaintiff alleges she visited Defendant's website" as vague, indefinite, and potentially unlimited in temporal scope. Plaintiff additionally objects to the extent the Request encompasses attorney-client privileged communications, attorney work product, or materials generated in anticipation of litigation.**

**Subject to and without waiving these objections, Plaintiff states that she is willing to confirm through deposition testimony or sworn declaration that she visited Defendant's website, https://www.tieks.com/, on May 13, 2025, using her Dell Windows 10 laptop, and to describe in detail the accessibility barriers she encountered during that visit. To the extent Plaintiff identifies any additional dates on which she visited the Website, she will similarly confirm those dates through testimony. Plaintiff will not produce her personal laptop's full-day**

**internet browsing history as requested.**

**<u>REQUEST NO. 2:</u>** All documents, electronically stored information, tangible things, or data reflecting the URL addresses of the specific webpages visited on Plaintiff's Dell Windows 10 laptop computer on all internet browsers on May 13, 2025, and other date(s) that Plaintiff alleges she visited the Website.

**ANSWER: Plaintiff objects to this Request as overbroad, unduly burdensome, invasive of Plaintiff's privacy, and disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request demands URL-level data for every webpage visited across all browsers on Plaintiff's personal laptop for an entire day—and potentially additional unspecified dates—capturing private, personal, and wholly irrelevant browsing activity bearing no relationship to Defendant's Website or any claim or defense at issue. The Request is not limited to visits to Defendant's Website, specifies no particular browser or data source, and constitutes precisely the kind of device-level, dragnet browser discovery that courts have found impermissible absent a particularized showing that less intrusive means are inadequate. No such showing has been made here.**

**Plaintiff further objects to the phrase "other date(s) that Plaintiff alleges she visited the Website" as vague, ambiguous, and temporally unlimited to the extent it purports to reach beyond dates identified in Plaintiff's pleadings, discovery responses, or sworn testimony. Plaintiff additionally objects to the extent the Request encompasses materials protected by the attorney-client privilege, the work product doctrine, or the consulting-expert privilege under Federal Rule of Civil Procedure 26(b)(4)(D).**

**Subject to and without waiving these objections, Plaintiff states that she maintained no personal records—including no browser history, bookmarks, logs, or notes—reflecting the specific URLs she visited during her attempt to access Defendant's Website. Following Plaintiff's visit and in anticipation of this litigation, counsel retained a consulting expert to conduct an accessibility audit of Defendant's Website. That audit report identifies pages of Defendant's Website found to contain accessibility barriers; it was prepared at the direction of counsel, reflects counsel's litigation strategy and mental impressions, and is protected in its entirety as attorney work product and consulting-expert material under Rule 26(b)(4)(D). The report has been identified on Plaintiff's privilege log. Plaintiff will not produce it in response to this Request.**

**<u>REQUEST NO. 3 (First):</u>** All documents, electronically stored information, or tangible things reflecting cookies on all internet browsers on Plaintiff's Dell Windows 10 laptop computer.

**ANSWER: Plaintiff objects to this Request as overbroad, unduly burdensome, invasive of Plaintiff's privacy, and disproportionate to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). The Request is entirely unlimited in time, scope, and subject matter—it seeks every cookie stored across all browsers on Plaintiff's personal laptop, with no restriction to Defendant's Website, no date range, and no limitation to any category of**

**information relevant to any claim or defense at issue. As drafted, the Request would capture years of highly sensitive personal data, including authentication credentials, financial account information, medical and health-related browsing, and other deeply private information wholly unrelated to this litigation. It is difficult to conceive of a discovery request more invasive and less tailored to the claims at issue.**

**Plaintiff further objects that the Request constitutes device-level discovery of the most intrusive kind, demanding wholesale extraction of stored browser data without any showing that such discovery is necessary, that less intrusive means are inadequate, or that Plaintiff has withheld responsive information through other channels. No such showing has been made here.**

**Plaintiff additionally objects to the extent the Request seeks materials protected by the attorney-client privilege, the work product doctrine, or the consulting-expert privilege under Federal Rule of Civil Procedure 26(b)(4)(D).**

**Subject to and without waiving these objections, Plaintiff will not produce cookies or cookie data as requested. The Request is facially overbroad, temporally unlimited, and bears no meaningful relationship to the accessibility barriers alleged in this action. To the extent Defendant seeks to establish that Plaintiff visited Defendant's Website on a specific date, Plaintiff has already offered to confirm that visit through deposition testimony or sworn declaration. Plaintiff is willing to meet and confer regarding any narrowly tailored request limited to non-privileged information relevant to Plaintiff's alleged visit(s) to Defendant's Website on specifically identified dates, to the extent any such information exists within Plaintiff's possession, custody, or control and is not otherwise protected from disclosure.**

**REQUEST NO. 3 (Second)** Provide Plaintiff's Dell Windows 10 laptop computer for forensic examination to include, but not be limited to: (a) Process internet browser application data through forensic software to check for recoverable internet history, to inspect previously deleted data; (b) Perform forensic analysis to discover internet "cookies" related to websites, and metadata associated with the "cookie" activity associated with items of interest; (c) Validate the Dell Windows 10 laptop computer for user applications and other information related to general user activity; (d) Perform string text searches for relevant "URL" addresses; (e) Check internet history browser settings to see the setting information current and past modification date; (f) Review "Prefetch Folder" and "Event Log" information for the time period of interest to determine computer activity and application use; (g) Forensic analysis of "Screen Shot" metadata on the Dell Windows 10 laptop computer; (h) Forensic analysis of Registry and Operating System behavior for antiforensic behavior; and (i) Forensic analysis to determine the IP address associated with the Dell Windows 10 laptop computer on May 13, 2025.

**ANSWER: Plaintiff notes that this Request appears to be misnumbered as Request No. 3 and responds as though it is Request No. 4.**

**Plaintiff objects to this Request in its entirety as overbroad, unduly burdensome, massively invasive of Plaintiff's privacy, and wholly disproportionate to the needs of the case under**

**Federal Rule of Civil Procedure 26(b)(1). This Request does not seek documents—it seeks to commandeer Plaintiff's personal laptop computer for an unlimited forensic examination touching virtually every aspect of her digital life, including deleted files, operating system behavior, application usage, registry data, and metadata wholly unrelated to any claim or defense in this action. The breadth and intrusiveness of this Request is extraordinary, and it finds no support in the Federal Rules or applicable case law absent a compelling showing that has not been made here.**

**Courts have consistently held that compelled forensic examination of a party's personal devices is an exceptional remedy, not a routine discovery tool, and is warranted only upon a particularized showing that: (1) the responding party has failed to produce responsive information through less intrusive means; (2) there is specific, concrete evidence of spoliation or concealment; and (3) the examination is narrowly tailored to the information actually at issue. See *Alight Sols. LLC v. Thomson*, No. 20 C 3043, 2021 WL 5121896, at *12–15 (N.D. Ill. Nov. 3, 2021); *Belcastro v. United Airlines, Inc.*, No. 17 C 1682, 2019 WL 7049914, at *2 (N.D. Ill. Dec. 23, 2019); *Hespe v. City of Chicago,* No. 13 C 7998, 2016 WL 7240754, at *4–5 (N.D. Ill. Dec. 15, 2016). None of those conditions is present here.**

**Plaintiff specifically objects to each component of the requested examination as follows: Subsections (a), (d), and (e) seek recovery of internet browsing history, URL data, and browser settings across all browsers for all time periods, including previously deleted data—precisely the overbroad, device-level browser discovery addressed in Plaintiff's objections to Requests Nos. [1] and [2], incorporated herein by reference.**

**Subsection (b) seeks forensic cookie analysis across all browsers with no temporal or subject-matter limitation, as addressed in Plaintiff's objection to Request No. [X], incorporated herein by reference.**

**Subsection (c) seeks a wholesale audit of Plaintiff's user applications and general computer activity with no limitation whatsoever to any issue in this case. This is a fishing expedition into Plaintiff's personal and professional digital life and bears no relationship to the accessibility barriers alleged in this action.**

**Subsection (f) seeks review of Prefetch Folder and Event Log data—system-level records reflecting every application launched and every file accessed on Plaintiff's computer, across all time—again with no limitation to any relevant date, application, or subject matter.**

**Subsection (g) seeks forensic analysis of screenshot metadata on Plaintiff's laptop. Plaintiff states that her Dell Windows 10 laptop contains no screenshots of Defendant's Website or of any browsing activity related to this litigation. The only screenshots reflecting Defendant's Website were captured by the consulting expert retained at the direction of counsel following Plaintiff's visit, in anticipation of this litigation. Those materials are protected in their entirety as attorney work product and consulting-expert material under Federal Rule of Civil Procedure 26(b)(4)(D), have been identified on Plaintiff's previously provided privilege log, and will not be produced in response to this Request. Forensic examination of Plaintiff's personal laptop for screenshot metadata would therefore yield no responsive, non-privileged**

**information and cannot justify the extraordinary intrusion Defendant seeks.**

**Subsection (h) seeks forensic analysis of Registry and Operating System behavior for "antiforensic behavior." This component is particularly objectionable: it presupposes without any factual basis that Plaintiff has engaged in misconduct or spoliation, and it is transparently designed to harass and intimidate rather than obtain legitimately discoverable information. There is no basis in the record for this inquiry.**

**Subsection (i) seeks the IP address associated with Plaintiff's laptop on May 13, 2025. As Plaintiff has previously disclosed, she accesses the internet via a mobile hotspot connection, which assigns a dynamic IP address that changes with each session. Forensic examination of Plaintiff's personal laptop would not reliably yield a fixed IP address associated with her browsing activity on May 13, 2025. Moreover, to the extent any IP address was logged in connection with a visit to Defendant's Website on that date, that information is equally or more available from Defendant's own web server logs, which would reflect the IP address of any device that accessed the Website on that date. Compelling forensic examination of Plaintiff's personal laptop to obtain information that is both unreliable as a result of dynamic IP assignment and independently available from Defendant's own records is the definition of disproportionate discovery.**

**Plaintiff further objects to this Request to the extent it seeks to circumvent the attorney-client privilege, the work product doctrine, and the consulting-expert privilege under Federal Rule of Civil Procedure 26(b)(4)(D) by extracting from Plaintiff's device communications with counsel, litigation-related files, and materials prepared at the direction of counsel in anticipation of this litigation.**

**Subject to and without waiving these objections, Plaintiff will not produce her personal laptop for forensic examination as requested. Plaintiff has confirmed her willingness to testify by deposition or sworn declaration that she visited Defendant's Website on May 13, 2025, using her Dell Windows 10 laptop, and to describe in detail the accessibility barriers she encountered. That testimony, together with the accessibility audit report identified on Plaintiff's privilege log and subject to disclosure in accordance with the Court's expert discovery schedule to the extent required, provides Defendant with all information proportionate to the needs of this case. Plaintiff is willing to meet and confer regarding any narrowly tailored, court-supervised protocol for targeted discovery that adequately protects Plaintiff's privacy and privilege interests, should the Court determine that any further discovery on this issue is warranted.**

Dated: May 16, 2026

**EQUAL ACCESS LAW GROUP, PLLC**
By: */s/ David B. Reyes*
David B. Reyes
4903 Avenue N, Brooklyn, NY 11234
O: (844) 731-3343 | C: (718) 554-0237
Email: Dreyes@ealg.law
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

David B. Reyes, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of EQUAL ACCESS LAW GROUP, PLLC, attorneys for Plaintiff DEBBIE PITTMAN.

2. On May 18, 2026, I caused a true copy of the within Plaintiff's Objections and Responses to Defendant's Second Request for Production of Documents to be served upon counsel for Defendant via e-mail to:

Ross M. Greenky, Esq.
Barclay Damon LLP
Email: Rgreenky@barclaydamon.com
***Attorneys for Defendant***

3. I declare under penalty of perjury that the foregoing statements are true and correct.

/s/ *David B. Reyes*

David B. Reyes, Esq.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Debbie Pittman, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Gavrieli Brands, LLC,<br><br>Defendant. | Case No. 1:25-cv-07938 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES**

Plaintiff Debbie Pittman ("Plaintiff"), by and through her undersigned counsel, Equal Access Law Group PLLC, hereby responds and objects to Defendant Gavrieli Brands, LLC's ("Defendant" or "Gavrieli") Second Set of Interrogatories ("Requests") pursuant to Federal Rules of Civil Procedure 33 as follows:

**PRELIMINARY STATEMENT**

These Objections and Answers ("Objections and Responses") reflect Plaintiff's present knowledge, understanding, and belief concerning the matters addressed herein. Plaintiff's responses are based on information reasonably available to her after a reasonable inquiry at this time and are made without prejudice to Plaintiff's right to supplement, amend, or correct these responses in accordance with the Federal Rules of Civil Procedure as discovery proceeds and additional information becomes available, as further investigation is conducted, or as opinions are provided by experts retained to testify in this matter. Plaintiff will supplement these responses to the extent required by the Federal Rules of Civil Procedure, including Rule 26(e), and the Local Rules of the United States District Court (the "Local Rules"), as well as any applicable scheduling order.

Plaintiff further expressly reserves the right to rely upon at any time, including at trial, any subsequently discovered information, whether obtained through ongoing discovery, additional document review, third-party disclosures, expert analysis, or any other source. Plaintiff's review of the matters inquired into by Defendant's discovery requests is continuing, and Plaintiff reserves the right to provide additional information, objections, or clarifications as appropriate.

These Objections and Responses are made solely for purposes of this litigation. By providing these responses, Plaintiff does not concede the relevance or admissibility of any information requested, nor does Plaintiff waive any applicable objections, privileges, or protections. All objections asserted herein are expressly preserved.

## GENERAL OBJECTIONS

Each of the Plaintiff's answers, in addition to any specifically stated objections, is subject to and incorporates the following general objections. The assertion of the same, similar, or additional objections or a partial answer to any individual Interrogatory does not waive any of the Plaintiff's general objections.

1. Plaintiff objects to each and every interrogatory to the extent they are overbroad, unduly burdensome, not proportional to the needs of the case, or seek information beyond the scope of Rule 26(b)(1), including information that is irrelevant to the claims or defenses in this ADA Title III action.
2. Plaintiff objects to each and every interrogatory that seeks legal conclusions, legal contentions prematurely, or interpretations of statutes, regulations, WCAG standards, or ADA legal obligations, which are issues reserved for briefing and judicial determination.
3. Plaintiff objects to each and every interrogatory to the extent they seek information protected by the attorney–client privilege, the work-product doctrine, the consulting-expert

privilege under Federal Rule of Civil Procedure 26(b)(4)(D), or any other applicable privilege, including mental impressions, legal strategy, litigation preparation, attorney communications, expert-related materials, or materials prepared in anticipation of litigation. Nothing in these responses shall be construed as a waiver of any privilege.

4. Plaintiff objects to each and every interrogatory that requires technical, expert-level accessibility testing, source-code review, WCAG conformance assessment, ARIA/semantic analysis, usability evaluation, or other information outside Plaintiff's personal knowledge and requiring expert testimony.
5. Plaintiff objects to each and every interrogatory to the extent they seek information regarding: a. Defendant's internal policies, practices, coding structure, accessibility controls, or technical operations; b. the experiences of other blind or visually impaired users; c. information that Plaintiff cannot reasonably obtain through her own experience.
6. To the extent an interrogatory assumes website stability, uniform coding behavior, or consistent assistive-technology output across time, devices, browsers, operating systems, or screen-reader configurations, Plaintiff objects to each and every interrogatory because such assumptions are unsupported and improper.
7. Plaintiff objects to each and every interrogatory that (a) assumes facts not in evidence, (b) mischaracterizes Plaintiff's experience, or (c) misstates allegations in the Complaint.
8. Plaintiff objects to each and every interrogatory seeking information concerning Plaintiff's involvement in unrelated lawsuits, claims, settlements, or litigation history, which is irrelevant, harassing, disproportionate, and not reasonably calculated to lead to admissible evidence.

9. Plaintiff objects to each and every interrogatory that seek unnecessary or invasive personal details, including medical history unrelated to this ADA Title III claim, unless expressly relevant and proportional. Confidential, Private, or Sensitive Personal Information

10. Discovery has not closed. Plaintiff reserves the right to supplement, modify, or amend these responses pursuant to Rule 26(e) based on information obtained during discovery, expert evaluation, additional accessibility testing, or other developments.

11. Plaintiff objects to each and every interrogatory to the extent it is unreasonably cumulative or duplicative of other discovery requests served in this action, including requests for production or prior interrogatories, or to the extent the information sought is obtainable from another source that is more convenient, less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(2)(C).

12. Plaintiff objects to each and every interrogatory to the extent it seeks information that is equally available to Defendant or obtainable from Defendant's own records, including Defendant's web server logs, analytics data, website source code, and accessibility remediation history.

13. Plaintiff objects to each and every interrogatory to the extent it seeks production of sensitive personal information — including medical information, financial information, device identifiers, or location data — without an appropriate protective order governing the use and dissemination of such information. Plaintiff will produce such information, to the extent required, only subject to an appropriate confidentiality agreement or protective order entered by the Court.

*[space intentially left blank]*

## INTERROGATORIES

**INTERROGATORY NO. 1.** Identify all internet browsers on Plaintiff's Dell Windows 10 laptop computer as follows: (a) all internet browsers currently on Plaintiff's Dell Windows 10 laptop computer, (b) all internet browsers which were on Plaintiff's Dell Windows 10 laptop computer on May 13, 2025, and (c) all internet browsers which were on Plaintiff's Dell Windows 10 laptop computer on any other date(s) that Plaintiff alleges she visited the Website.

**ANSWER: Plaintiff objects to this Interrogatory to the extent it is overbroad, unduly burdensome, and seeks information not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff further objects to subsection (c) on the grounds that the phrase "any other date(s) that Plaintiff alleges she visited the Website" is vague, ambiguous, and temporally unlimited to the extent it purports to reach beyond dates identified in Plaintiff's pleadings, discovery responses, or sworn testimony.**

**Subject to and without waiving these objections, Plaintiff responds as follows: (a) Google Chrome and Microsoft Edge are currently installed on Plaintiff's Dell Windows 10 laptop computer; (b) Google Chrome and Microsoft Edge were installed on Plaintiff's Dell Windows 10 laptop computer on May 13, 2025; (c) to the extent Plaintiff identifies any additional dates on which she visited Defendant's Website, Plaintiff states that Google Chrome and Microsoft Edge were installed on her Dell Windows 10 laptop computer throughout the relevant period. Plaintiff will supplement this response if additional dates are identified.**

**INTERROGATORY NO. 2. State whether the internet browsing history from May 13, 2025 on Plaintiff's Dell Windows 10 laptop computer has been deleted. If the internet browsing history from May 13, 2025 on Plaintiff's Dell Windows 10 laptop computer has been deleted, please state: (a) who deleted the internet browsing history, (b) why the internet browsing history was deleted, (c) when the internet browsing history was deleted, and (d) the steps or measures that Plaintiff undertook to preserve the internet browsing history.**

**ANSWER: Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Plaintiff further objects to the extent the Interrogatory assumes facts not in evidence — specifically, that Plaintiff intentionally deleted her internet browsing history. Plaintiff additionally objects to subparts (a) through (d) as premised on that same unsupported assumption, rendering them inapplicable to the extent set forth below.**

**Subject to and without waiving these objections, Plaintiff responds as follows: Plaintiff does not currently possess internet browsing history from May 13, 2025. Plaintiff did not manually delete her browsing history and took no affirmative action to remove it from the device. Upon information and belief, browsing history from that date is no longer present on the device due to the automatic passage of time and routine browser data-retention settings, which periodically purge history without user action. As Plaintiff did not delete the browsing history, subparts (a), (b), and (c) are inapplicable. As to subpart (d), Plaintiff did not take affirmative steps to preserve the browsing history from May 13, 2025, as she had no reason**

**to anticipate litigation on that date and therefore was under no legal obligation to do so.**

Dated: May 16, 2026

**EQUAL ACCESS LAW GROUP, PLLC**

By: */s/ David B. Reyes*

David B. Reyes
4903 Avenue N
Brooklyn, NY 11234
O: (844) 731-3343
C: (718) 554-0237
Email: Dreyes@ealg.law
*Attorneys for Plaintiff*

**VERIFICATION**

I, DEBBIE PITTMAN, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing **Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories**, and that the answers contained therein are true and correct to the best of my knowledge, information, and belief.

Executed on this _15TH day of May, 2026.

_/s/ Debbie Pittman______________________

Debbie Pittman

## CERTIFICATE OF SERVICE

David B. Reyes, Esq., declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney with the firm of EQUAL ACCESS LAW GROUP, PLLC, attorneys for Plaintiff DEBBIE PITTMAN.

2. On May 18, 2026, I caused a true copy of the within Plaintiff's Objections and Responses to Defendant's Second Set of Interrogatories to be served upon counsel for Defendant via e-mail to:

Ross M. Greenky, Esq.
Barclay Damon LLP
Email: Rgreenky@barclaydamon.com
***Attorneys for Defendant***

3. I declare under penalty of perjury that the foregoing statements are true and correct.

*/s/ David B. Reyes*

David B. Reyes, Esq.