IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBBIE PITTMAN, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>GAVRIELI BRANDS, LLC,<br><br>Defendant. | Case No. 1:25-cv-7938<br><br>Hon. Jeremy C. Daniel<br>Hon. Maria Valdez |

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR SANCTIONS**

Plaintiff DEBBIE PITTMAN ("Plaintiff" or "Ms. Pittman") by and through undersigned counsel, respectfully submits this Response and Memorandum of Law in Opposition to Defendant GAVRIELI BRANDS, LLC's Cross-Motion for Attorneys' Fees and Costs and for Sanctions. (Dkts. 39; 40). In support, Plaintiff states as follows:

## I. INTRODUCTION

Defendant does not oppose dismissal of this action with prejudice. (*See* Dkt. 40, pp. 1, 4). Defendant opposes a single term: that each side bears its own attorneys' fees and costs. (*See* Dkt. 40, p. 4). The question before the Court is whether Defendant has established an entitlement to fees under 42 U.S.C. § 12205, or to sanctions against Plaintiff's counsel under 28 U.S.C. § 1927 and the Court's inherent power. (*See* Dkt. 40, pp. 14–15). It has not.

Defendant's cross-motion asks the Court to find that Plaintiff's claims were frivolous, unreasonable, or without foundation, both at filing and thereafter. (*See* Dkts. 39; 40, pp. 6-11). The primary substance of Defendant's position is that its own accessibility audits should be

treated as conclusive, and that Plaintiff's failure to accept them within the period Defendant proposes unilaterally establishes frivolousness and bad faith. (*See* Dkt. 40, pp. 8-11). Curiously, Defendant maintains that injunctive relief became "no longer necessary" as of October 2025, if not earlier, yet it never moved to dismiss on that ground, never moved for judgment on the pleadings, and never moved for summary judgment. (*See* Dkt. 40, p. 3; Dkt. 32, pp. 5-7). A party that believed it held a dispositive defense for nine months and elected not to assert it cannot now charge its opponent for the time that passed.

Defendant's own authority defeats it. Defendant cites *Colon v. HY Supplies, Inc.,* No. 22 CV 05915, 2024 U.S. Dist. LEXIS 106988 (N.D. Ill. May 28, 2024) for the proposition that a voluntary dismissal with prejudice confers prevailing-party status. (*See* Dkt. 40, p. 5). What Defendant omits is what followed: the *Colon* court <u>denied</u> the defendant's request for attorney's fees because it could not say the action was "so frivolous, unreasonable, or without foundation." *Id.* at *8-9. Here, Plaintiff asks this Court to likewise deny Defendant's request.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff Debbie Pittman ("Ms. Pittman" or "Plaintiff"), is legally blind and relies on screen-reading software to access the internet. (*See* Dkt. 1, p. 4, ¶19). On May 13, 2025, she visited Defendant's website, Tieks.com, intending to purchase ballet flats, drawn to the brand for its handcrafted, foldable construction and cushioned insoles, which suited her need for supportive footwear.. (*Id.* at p. 11, ¶39). Using JAWS, she encountered a homepage carousel coded with an "aria-live" attribute that continuously announced changing content and disoriented her attempt to understand the page's structure. (*Id.* at pp. 9-11). When she added the flats to her cart, keyboard focus never moved into the resulting dialog, and she could not review or complete the transaction. (*Id.* at p. 11). She did not complete the purchase. (*Id*. at pp. 11-13).

Ms. Pittman filed this action on July 14, 2025. (*See Id.*). The Complaint pleaded the technical conditions behind those failures with specificity: an undefined heading hierarchy with missing levels; focus order that failed to move from a trigger button into a dialog; an uncontrollable carousel region; ambiguous link text; repeated tabbing through elements sharing one destination; links opening new windows without warning; an interactive element built with inappropriate tags and lacking the correct role; submenus that failed to announce a collapsed state; and a checkout process requiring mouse input. (*Id.* at pp. 9-13). Each allegation ties a named assistive technology to a specific date and a described consequence. (*Id.*). Plaintiff sought an injunction bringing the Website into compliance. (*Id.* at pp. 19-20).

Rather than filing any motions, Defendant filed an Answer on October 6, 2025, following two extensions of time. (*See* Dkts. 8, 10, 13). The case proceeded under a schedule the Magistrate Judge entered October 17, 2025, which the parties *jointly* moved twice to extend. (*See* Dkts. 18, 21, 23, 27). Fact discovery was set to close July 15, 2026, with expert discovery ahead. (*See* Dkt. No. 28). The parties exchanged written discovery; no depositions were taken and no certification briefing occurred. (*See* Dkts. 1-43). Defendant filed no motion to dismiss, no motion for judgment on the pleadings, no summary judgment motion, and no motion to compel. (*See* Dkts. 1-43). The Court has resolved no merits question and no discovery dispute.

During the same period, Defendant obtained its own accessibility testing evidence. Defendant supplied these reports on September 24, 2025, on October 3, 2025, and on October 14, 2025. (*See* Dkt. 40, pp. 8-9). Each postdates Plaintiff's visit by more than four months and is an automated validation scan Defendant's counsel generated for litigation. (*Id.*).

Plaintiff's counsel separately retained an accessibility consultant as a non-testifying expert under Fed. R. Civ. P. 26(b)(4)(D). (*See* P. Ex. 1, Reyes Decl. ¶¶ 5-7) The consultant is not

a party, had no role in the events alleged, and has never been designated or disclosed as a testifying expert. (*Id.* at ¶¶ 5–7.) Plaintiff's counsel obtained technical evaluations of the Website against the Web Content Accessibility Guidelines ("WCAG") on six occasions from the non-testifying consultant: in June 2025, October 2025, November 2025, March 2026, and twice in June 2026. (*Id.* at ¶¶ 8-10)[1]. The WCAG is the framework the Complaint identified. (*See* Dkt. 1). After reviewing the information received on each of the first five occasions, Plaintiff's counsel did not conclude that the Website had achieved conformance with the WCAG or that the barriers alleged in the Complaint had been substantially remediated. (*See* P. Ex. 1, Reyes Decl. ¶¶ 8-18). Counsel first concluded that the Website had reached substantial conformance with the WCAG and that the barriers had been substantially remediated after reviewing the information received on or about June 18, 2026. (*Id.* at ¶¶ 16-18). Plaintiff then determined that the claim became moot and the injunctive relief her Complaint sought was no longer necessary. (*Id.* ¶19-20). On or about June 18, 2026, Plaintiff sought a stipulated dismissal, but Defendant refused. (P. Ex. 1, Reyes Decl. ¶ 20). On July 7, 2026, Plaintiff filed her motion to dismiss.

## III. ARGUMENT

### A. DEFENDANT'S MOTION FOR FEES UNDER 42 U.S.C. § 12205 SHOULD BE DENIED.

#### 1. Legal Standard

[1]Plaintiff did not produce these materials to Defendant because they constitute facts known and opinions held by a non-testifying consulting expert retained by counsel, which are not discoverable absent exceptional circumstances. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii); *Ludwig v. Pilkington North America, Inc.*, 2003 U.S. Dist. LEXIS 17789 (N.D. Ill. Sept. 30, 2003) (denying motion to compel non-testifying consultants' files where no exceptional circumstances existed). The materials are likewise protected as documents prepared in anticipation of litigation by Plaintiff's counsel and counsel's consultant. *See* Fed. R. Civ. P. 26(b)(3)(A). Should the Court conclude that its resolution of Defendant's cross-motion requires review of any of them, Plaintiff will submit them for in camera inspection under seal upon the Court's direction and respectfully requests that any such submission be made subject to an order under Fed. R. Evid. 502(d). Plaintiff would make any such submission at the Court's direction, and would do so subject to, and without relinquishing, the protections asserted herein.

42 U.S.C. § 12205 makes a fee award discretionary, providing that a court "*in its discretion*" may award a reasonable attorney's fee. 42 U.S.C. § 12205 (emphasis added). Section 12205 does not operate evenhandedly: "Fee shifting under the ADA, like other civil rights statutes, is asymmetric: Fees should be awarded to prevailing plaintiffs as a matter of course, but prevailing defendants should recover *only when forced* to litigate claims that are *frivolous, unreasonable, or pursued in bad faith." Sanglap v. LaSalle Bank, FSB,* 345 F.3d 515, 520 (7th Cir. 2003) (emphasis added); *Colon v. HY Supplies, Inc.,* No. 22 CV 05915, 2024 U.S. Dist. LEXIS 106988, at *7 (N.D. Ill. May 28, 2024); *Baaske v. City of Rolling Meadows*, 191 F. Supp. 2d 1009, 1018 (N.D. Ill. 2002); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Lange v. City of Oconto*, 28 F.4th 825, 848 (7th Cir. 2022) (holding that the *Christiansburg* standard applies ADA fee awards). Even a frivolous claim does not automatically compel an award because "nothing in § 12205 suggests that the court **must** award fees to a party defending a frivolous claim[.]" *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998). The court retains discretion to weigh equitable considerations and to award a nominal fee or none. *Id.* at 307-08. *Christiansburg* supplies the caution: courts must resist post hoc reasoning, because failure to prevail does not establish that an action was unreasonable or without foundation. *Id.* Decisive facts often emerge only through discovery, and hindsight logic would chill all but airtight claims. *Christiansburg*, 434 U.S. at 421-22.

Nevertheless, "prevailing party" status is a threshold, not a conclusion. In *Baaske,* this District recognized the defendant as the prevailing party but <u>denied</u> fees anyway. *See Baaske*, 191 F. Supp. 2d at 1018. In *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 800-01 (N.D. Ill. 2002), aff'd, 345 F.3d 515 (7th Cir. 2003), the court <u>denied</u> fees even after judgment was entered for defendant. *Colon* <u>denied</u> fees even after the defendant had moved for summary judgment,

moved for judgment on the pleadings, and litigated multiple discovery motions. *See Colon*, 2024 U.S. Dist. LEXIS 106988, at *2, *9. In each of those cases, the defendants were the prevailing party, but the court refused to grant attorney's fees. Plaintiff asks for the same disposition here.

**2. Plaintiff's Claims Were Not Frivolous, Unreasonable, Or Without Foundation When Filed.**

Where the asserted defect is baselessness at inception, the relevant record is the one that existed at filing. *See Baaske*, 191 F. Supp. 2d at 1018. Courts should not reconstruct that record from evidence the defendant developed later, because a district court must "resist the . . . temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Sanglap*, 194 F. Supp. 2d at 800 (quoting *Christiansburg*, 434 U.S. at 421-22); *Colon*, 2024 U.S. Dist. LEXIS 106988, at *8-9 (explaining that while Plaintiff may "face challenges proving her claim, that does not mean her case was frivolous or without any foundation."). The Supreme Court cautioned that "seldom can a prospective plaintiff be sure of ultimate success," and that "[n]o matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable." *Christiansburg*, 434 U.S. at 422. Hindsight logic "could discourage all but the most airtight claims." *Id.* at 421-22.

This District rejected a filing-stage attack in terms that fit here: "But it is not so clear to the Court that, as a result, his ADA claim was patently frivolous or unreasonable from the get-go" *Smith v. Union Pac. R.R.*, No. 11-cv-986, 2018 U.S. Dist. LEXIS 236866, at *10 (N.D. Ill. July 6, 2018). It <u>denied</u> fees because it could not say the claims were "so frivolous, unreasonable, or without foundation that Defendant should be awarded attorneys' fees." *Id.* at *12-13.

Measured on July 14, 2025, Plaintiff's Complaint here rests on facts within Plaintiff's own knowledge. She is legally blind, cannot use the internet without a screen reader, and uses JAWS. (*See* Dkt. 1, pp. 1, 4-5, 9). She visited the Website on a stated date for a stated purpose. (*Id.* at p. 11). She encountered a carousel that repeatedly announced changing content, and a cart dialog her keyboard focus never entered. (*Id.* at pp. 9-11). The pleading then identified the coding conditions producing those failures. (*Id.* at pp. 9-10). Those are functional barriers, not abstract departures from a technical checklist. (*Id.* at pp. 9-11). Nothing available to Plaintiff at the time of her filing contradicted her account. Defendant's first audit postdates the filing by more than two months, and the rest by three. (Dkt. 1, p. 20; Dkt. 40, pp. 8-9). Every fact Defendant now marshals entered this case afterward. (*See* Dkt. 40, pp. 8-11). Measuring the Complaint against a later-developed record is precisely the hindsight *Christiansburg* forbids. *See Christiansburg*, 434 U.S. at 417; *Sanglap*, 194 F. Supp. 2d at 800;

Defendant's litigation choices confirm the point. It filed no Rule 12(b)(6) motion, no Rule 12(c) motion, and no jurisdictional challenge. (*See generally* Dkts. 1-31). A defendant convinced a complaint is frivolous on its face has an obvious remedy, and Defendant declined to use it.

The volume of filings by Plaintiff supplies nothing either. Defendant argues that Plaintiff has filed multiple similar suits and her counsel filed other suits against other defendants. (*See* Dkt. 40, p. 2). Courts in this District have consistently declined to draw the inference Defendant urges. In *Cole v. Kingsmen Premium, LLC,* No. 25-cv-10905, 2026 U.S. Dist. LEXIS 163464 at *7-8 (N.D. Ill. July 23, 2026), the defendant argued that the plaintiff was a tester who had "filed 37 identical complaints[,]" which purportedly "undermine[d] his contention that he is actually interested" in the product at issue. The court rejected that reasoning outright, reaffirming that

"tester status does not deprive a plaintiff of standing." *Id.* at *7 (quoting *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019)). The court then held that the fact that the plaintiff "has filed similar lawsuits is *not relevant*." *Id.* at *8 (emphasis added) (dismissing the complaint on other separate and independent grounds). *Cohan v. Lakhani Hospitality, Inc.,* No. 21 CV 5812, 2022 U.S. Dist. LEXIS 46522, at *6–8 (N.D. Ill. Mar. 16, 2022) makes this point at a scale (denying dismissal notwithstanding records showing that the plaintiff had filed more than 2,300 similar ADA suits because "it matters not whether [the plaintiff] was patronizing the Facility or merely testing it for ADA compliance" and his "motive does not nullify his injury"). A litigant's history of enforcing the same statute against other allegedly noncompliant defendants does not, standing alone, establish improper motive; the *Christiansburg* inquiry trains on the foundation of this claim, on this record, not on counsel's docket. *See Christiansburg*, 434 U.S. at 421-22. The Court should do the same here.

Defendant's remaining argument on this issue concerns proof rather than foundation. It observes that Plaintiff did not revisit the Website and preserved no browser artifacts or IP data. (*See* Dkt. 40, p. 8). Those observations describe difficulties Plaintiff might have faced at trial. The plaintiff in *Sanglap* faced a similar kind of evidentiary difficulty, yet the request for fees were denied. *See Sanglap*, 194 F. Supp. 2d at 801. Defendant's request should be denied.

**3. Plaintiff's Continued Prosecution Was Not Frivolous, Unreasonable, Or Without Foundation.**

Defendant's remaining theory is one of timing: that Plaintiff should have abandoned the case once Defendant produced its scans in the fall of 2025. A plaintiff who continues to hold affirmative evidence supporting her claim does not litigate frivolously by pressing it, even when her opponent's evidence points the other way.

The United States Supreme Court instructed that courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg,* 434 U.S. at 421-22. The Supreme Court grounded that instruction in the nature of litigation itself: "Decisive facts may not emerge until discovery or trial," and "[e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id.* at 422.

This District has applied that framework. *See Smith v. Union Pacific Railroad*, 2018 U.S. Dist. LEXIS 236866, at *12 (N.D. Ill. July 6, 2018). In *Smith*, this District refused to charge a plaintiff with conclusions that were "largely dependent on facts developed *during* discovery," explaining that "[t]hese are not conclusions that Plaintiff necessarily should have drawn from the outset." *Id.* The court then reaffirmed the controlling principle: the fact that "a plaintiff did not ultimately prevail" does not necessarily mean that "his action must have been unreasonable and without foundation." *Id.* (quoting *Sanglap,* 194 F. Supp. 2d at 800). A sister district stated the corollary governing conflicting proof: evidence from which a factfinder might infer against the plaintiff "[d]oes not support a fee award under § 12205, let alone *require* one." *Nicholas v. Acuity Lighting Grp., Inc.*, No. 1:03-cv-1005-DFH-TAB, 2006 U.S. Dist. LEXIS 53337, at *7 (S.D. Ind. Aug. 1, 2006) (emphasis added). As such, continued prosecution crosses the line only when a plaintiff persists after her claim has been emptied of factual support.

Here, Plaintiff never litigated in that posture. Plaintiff's counsel obtained independent technical evaluations of the Website from a non-testifying consultant expert in October 2025, November 2025, March 2026, June 4, 2026, and June 18, 2026.. (*See* P. Ex. 1, Reyes Decl. ¶¶ 1-18). At no point before June 18, 2026 did the information available to counsel indicate that the

Website had achieved conformance with the WCAG or that the alleged barriers had been substantially remediated. (*Id.*, ¶¶ 1-18). Plaintiff's counsel's continued prosecution rested on that ongoing assessment, made in good faith on the information available at each point in time. (*Id.,* ¶¶ 17–19.). The question under *Christiansburg* is whether counsel had a reasonable basis for the judgment counsel made, not whether that judgment would ultimately have been vindicated on the merits. *See Christiansburg*, 434 U.S. at 421–22; *Smith*, 2018 U.S. Dist. LEXIS 236866, at *12.

Defendant's contrary evidence did not empty the claim of support. Defendant itself generated all eight reports for this litigation; each is automated; each postdates the May 13, 2025 visit by more than four months. (*See* Dkt. 40, pp. 8-11). *Nicholas* is illustrative. There, the defendant seized on one answer from the plaintiff's expert and called it an "unequivocal declaration that [the plaintiff] suffered no substantial limitation." *Nicholas,* 2006 U.S. Dist. LEXIS 53337, at *4. The court denied the request for fees because even if that evidence "might have persuaded the jury," Plaintiff had evidence supporting the claim. *Id.* at *4, *7. Defendant's reports occupy the same position. They are evidence a factfinder might have credited, not a basis for punishing an opponent who held evidence to the contrary. "The fact that a plaintiff advocates an inference that the court declines to adopt does not lead to the conclusion that the plaintiff acted without foundation." *Sanglap*, 194 F. Supp. 2d at 800.

Defendant's own authority forecloses the argument. In *Colon*, the parties were in discovery, "temperatures [were] running high," and they accused each other of "improper behavior, calculated delay, and bad faith." *Colon,* 2024 U.S. Dist. LEXIS 106988, at *2. The defendant had filed "multiple motions related to discovery disputes, as well as motions for summary judgment and for judgment on the pleadings." *Id.* It presented Google analytics data suggesting the plaintiff never visited the site on the day alleged, plus "an accessibility expert's

report on the site stating that the expert could not replicate the barriers alleged." *Id.* at *3. An expert who examined the site and could not reproduce the alleged barriers occupies a stronger evidentiary position than an automated scan run four months after the visit. The court denied fees regardless, holding it "cannot say that [plaintiff's] claim was so frivolous, unreasonable, or without foundation." *Id.* at *9. It added that "[a] potentially valid affirmative defense does not negate the foundation of a plaintiff's claim." *Id.* If the *Colon* record would not sustain a fee award, this one cannot.

The record also refutes any claim of delay after the evidence changed. Plaintiff's counsel first concluded on June 18, 2026 that the injunctive relief Plaintiff sought was no longer necessary, and acted that same day. (*See* P. Ex. 1, Reyes Decl. ¶¶ 15-21). She did not await the close of fact discovery. Counsel sought a stipulation, Defendant refused, and Plaintiff moved on July 7, 2026. (*Id.*). Plaintiff continued this action while counsel's assessment supported it and ended it as soon as that assessment changed. As such, Plaintiff requests the Court to deny Defendant's motion.

**4. Defendant Declined Every Mechanism Available To End The Case It Contends Was Frivolous, Meritless, or Without Foundation.**

Defendant asserts that injunctive relief was "no longer necessary" as of October 3, 2025, then complains that "the parties continued to 'litigate' this case for nine (9) months." (Dkt. 40, pp. 3, 11). However, it asks the Court to charge that period to Plaintiff alone. If Defendant believed the dispute had ceased to be live, it could have said so by motion in October 2025. *See* Fed. R. Civ. P. 12(b)(1). It filed none. (*See* Dkts. 1-31). If Defendant believed the pleadings entitled it to judgment, Rule 12(c) was available. *See* Fed. R. Civ. P. 12(c). It filed none. (*See* Dkts. 1-31). If Defendant believed no genuine dispute of material fact remained, Rule 56 was available. *See* Fed. R. Civ. P. 56. It filed none. (*See* Dkts. 1-31). Instead, both parties proceeded

under a schedule the Court entered in October 2025 and *jointly* moved twice to extend, with Defendant joining both motions. (*See* Dkts. 23, 27). Defendant cannot bill Plaintiff for a nine-month discovery period it twice asked the Court to extend and never once asked the Court to cut short.

## B. DEFENDANT'S MOTION FOR SANCTIONS UNDER 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWER SHOULD BE DENIED.

### 1. Legal Standard

28 U.S.C. § 1927 authorizes sanctions against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Liability does not follow because litigation continued or fees accrued. Defendant concedes the elements, acknowledging that liability requires "bad faith" and "a causal connection between the misconduct and the fees sought." (Dkt. 40, p. 6). The inherent power carries the same predicate: a court may assess attorney's fees under its inherent authority only when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59 (1975)), "Because of their very potency, inherent powers must be exercised with restraint and discretion. *Id.* at 44.

### 2. The Conduct Defendant Identifies Does Not Establish Bad Faith Under 28 U.S.C. § 1927 And The Court's Inherent Power.

Every item on Defendant's list describes an unresolved discovery disagreement Defendant never brought before the Court. Defendant complains that Plaintiff produced no updated reports, produced no documents, preserved no access evidence, and refused forensic examination of a laptop. (*See* Dkt. 40, pp. 11-12). Defendant itself calls these disputes ones "which remain unresolved." (Dkt. 40, p. 3). Rule 37 supplies the mechanism available to a party

that regards discovery responses as deficient, and this case had an assigned Magistrate Judge available to hear such a motion. *See* Fed. R. Civ. P. 37. Defendant filed none. (*See* Dkts. 1-31). Defendant states that it "advised Plaintiff's counsel of its intent to file a motion to compel." (Dkt. 40, p. 12). An announced intention produces no ruling, no finding, and no order capable of being violated. That omission is of a piece with the others, since Defendant also declined to move under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(c), and Fed. R. Civ. P. 56.

Defendant asks the Court to infer bad faith from timing, noting that Plaintiff moved to dismiss two days after Defendant noticed a deposition and threatened a motion to compel. (*See* Dkt. 40, p. 12). The sequence supports the opposite reading. Counsel who concludes his client no longer needs relief, and who then ends the case with prejudice rather than proceeding through a deposition and motion practice, reduces expense to both sides. Notably, Plaintiff first sought to resolve the matter by stipulation, without Court involvement. (*See* P. Ex. 1, Reyes Decl. ¶ 20).

Defendant's causation showing is incomplete on its own terms. Defendant invokes a but-for requirement and then includes among the fees it seeks those incurred in "opposition to Plaintiff's dismissal motion" and in "the present sanctions proceedings." (Dkt. 40, pp. 10-11). Defendant does not oppose the dismissal. (Dkt. 40, p. 2 n.1). Fees expended objecting to relief a party agrees with, and fees expended prosecuting a sanctions motion that party elected to file, are not fees caused by an opponent's conduct. Defendant also seeks fees for "continued audit-related investigation and correspondence." (Dkt. 40, p. 10). Defendant generated audits reports, and the record does not indicate that Plaintiff requested any of them. (Dkt. 40, pp. 8-11). Fees a party incurs because it elected not to file *any* dispositive motion are not fees its opponent caused.

The absence of any fee documentation compounds the problem. Defendant states that "[f]ollowing a determination of entitlement to reimbursement of legal fees, Defendant will

submit contemporaneous billing records segregating the fees attributable to the cutoff date selected by the Court." (Dkt. 40, p. 11). That sequence would require the Court to find causation on a record containing no evidence of what was spent, when, or on what task. (Dkt. 40, p. 11). *Sanglap* illustrates the scrutiny that fee and cost applications receive in this district even where entitlement is undisputed, since the court there examined individual invoices, disallowed unexplained rush service charges, reduced unexplained expedited transcript rates, and rejected nearly ten thousand dollars in photocopying charges. *Sanglap*, 194 F. Supp. 2d at 801-03. Its stated rule was that "[c]opying charges that are not discernable from the supporting documentation are not allowed." *Id.* at 803. A court applying that degree of scrutiny to a subpoena invoice would not impose personal sanctions on counsel upon a submission containing no invoices. *Id.* at 801-03.

**3. Sanctions And Warnings In Unrelated Cases Are Legally Irrelevant To Whether Counsel Engaged In Sanctionable Conduct In This Case.**

Defendant devotes a section of its brief to sanctions and warnings from other lawsuits, but those proceedings cannot supply the finding this record lacks. The text of 28 U.S.C. § 1927 confines liability to an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). The statute's focus is on the conduct of the litigation, not on the attorney's record in unrelated matters. *See Klinkhammer v. Enhanced Recovery Co., LLC*, No. 1:17-cv-04943, 2019 U.S. Dist. LEXIS 250132, at *13-14 (N.D. Ill. Jan. 3, 2019) (citing *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (noting that because the section authorizes sanctions only for the multiplication of proceedings, it "applies *only* to unnecessary filings and tactics *once a lawsuit has begun*")) (emphasis added). The Seventh Circuit's inherent-power standard likewise requires that a party have "*willfully* abused"

the judicial process in the case at hand. *Fuery v. City of Chicago*, 900 F.3d 450, 463-64 (7th Cir. 2018) (emphasis added).

Neither source of authority permits a court to impose sanctions based on what happened in a different case, before a different judge, with different parties, involving different facts and substantive issues. Indeed, the cited cases involve entirely different substantive issues from the one before this Court and therefore provide no meaningful support for the proposition that counsel acted vexatiously in this case. Here, Defendant has identified no conduct in this case that satisfies the standard for sanctions under § 1927 or the Court's inherent power, and its resort to other proceedings is a tacit concession of that deficiency. This Court's inquiry is whether Plaintiff's counsel multiplied the proceedings in this case unreasonably, not whether other courts have expressed displeasure with counsel. The answer to the former question, on this record, is no.

## IV. CONCLUSION

Defendant's cross-motion reduces to the proposition that Plaintiff should have credited Defendant's evidence earlier than she did. That is a merits argument, and Defendant never asked the Court to adjudicate it. Defendant filed no motion to dismiss, no motion for judgment on the pleadings, no motion for summary judgment, and no motion to compel. Plaintiff, having concluded that the injunction she sought was no longer necessary, moved to end the case permanently, waived her own fees and costs, and offered Defendant a judgment that forecloses any renewed claim.  Defendant does not oppose that disposition.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's cross-motion in its entirety, grant Plaintiff's motion for voluntary dismissal with prejudice, and order that each party bear its own attorneys' fees and costs.

Submitted this 12th day of August, 2026.

Respectfully submitted,

_/s/Russell Monilla_
Russell Monilla
EQUAL ACCESS LAW GROUP, PLLC
4903 Avenue N,
Brooklyn, NY 11234
(850) 404-0382
rmonilla@ealg.law
*Attorney for Plaintiff*