**P. Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBBIE PITTMAN, on behalf of herself and all others similarly situated,

Plaintiffs,

v.

GAVRIELI BRANDS, LLC,

Defendant.

Case No. 1:25-cv-7938

Hon. Jeremy C. Daniel
Hon. Maria Valdez

**DECLARATION OF DAVID BALDEMAR REYES**

I, David Baldemar Reyes, declare under penalty of perjury as follows:

1. I am over the age of eighteen and competent to testify to the matters set forth herein.

2. I make this declaration based on my personal knowledge. If called upon to testify, I could and would testify competently to the facts stated below.

3. I am an attorney licensed to practice law in the State of Illinois, and I am admitted to practice before this Court. At all times relevant to this declaration, I was an Associate Attorney at Equal Access Law Group, PLLC ("Firm").

4. I served as counsel of record for Plaintiff Debbie Pittman in this action, where I had primary day-to-day responsibility for the prosecution of this matter, including the retention and supervision of consulting experts, the evaluation of the technical evidence, and decisions regarding the continued prosecution of Plaintiff's claims.

5. I submit this declaration in support of Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Cross-Motion for Attorneys' Fees and Costs and for Sanctions. I make it to establish the diligence of Plaintiff's counsel and the basis for counsel's good-faith

assessment of this action during the period Defendant contends this action should have been abandoned. This declaration is not intended to disclose, characterize, or place at issue any facts known or opinions held by any non-testifying expert consultant, and Plaintiff does not waive, and expressly reserved, all protections under Fed. R. Civ. P. 26(b)(3) and 26(b)(4)(D).

**Ongoing Monitoring During the Litigation**

5. In anticipation of and in connection with this litigation, Plaintiff retained a non-testifying expert consultant ("Non-Testifying Consulting Expert") pursuant to Fed. R. Civ. P. 26(b)(4)(D) to evaluate the accessibility of the website located at Tieks.com (the "Website") against the Web Content Accessibility Guidelines ("WCAG"), the framework identified in Plaintiff's Complaint.

6. The Non-Testifying Consulting Expert is not a party to this action, has no relationship to Plaintiff apart from the consulting engagement, and had no role in the events alleged in the Complaint. The Non-Testifying Consulting Expert was retained solely in a consulting capacity, to assist counsel in evaluating the technical merits of Plaintiff's claims and in advising counsel regarding the continued prosecution of this action. The Non-Testifying Consulting Expert's engagement was and remains a consulting engagement only.

7. Plaintiff has not designated the Non-Testifying Consulting Expert as a testifying expert, has not disclosed the Non-Testifying Consulting Expert under Fed. R. Civ. P. 26(a)(2), and has not relied on the Consulting Expert to prepare, review, or support the opinions of any testifying expert. No testifying expert has been retained or designated in this action, and no testifying expert has reviewed, relied upon, or considered any work product of the Non-Testifying Consulting Expert.

8. Because websites are dynamic and their content and code change continuously, a point-in-time test result does not establish its ongoing condition. Plaintiff's counsel therefore monitored the status of the Website on a periodic basis over the course of litigation, rather than relying on any single point-in-time assessment.

9. As part of that monitoring, I received written materials from the Non-Testifying Expert on six occasions over the course of this litigation as follows:

a. I received the Non-Testifying Consulting Expert's first report, dated June 11, 2025. That report identified several Levels A and AA failures under the WCAG. The report confirmed and substantiated Plaintiff's allegations of accessibility barriers being present on the Website.

b. I received the Non-Testifying Consulting Expert's second report, dated October 2, 2025. That report identified several Levels A and AA failures under the WCAG. The report confirmed and substantiated Plaintiff's allegations that accessibility barriers were still present on the Website.

c. I received the Non-Testifying Consulting Expert's third report, dated November 7, 2025. That report identified several Levels A and AA failures under the WCAG. The report confirmed and substantiated Plaintiff's allegations that several accessibility barriers were still present on the Website.

d. I received the Non-Testifying Consulting Expert's fourth report, dated March 11, 2026. That report identified several Levels A and AA failures under the WCAG. The report confirmed and substantiated Plaintiff's allegations that accessibility barriers were still present on the Website. I received the Non-Testifying Consulting Expert's fifth report on or about June 4, 2026. That report identified several Levels

A and AA failures under the WCAG. The report confirmed and substantiated Plaintiff's allegations that accessibility barriers were still present on the Website.

e. I received the Non-Testifying Consulting Expert's sixth and final report on or about June 18, 2026. That report identified one remaining issue and concluded that the Website had reached substantial conformance with the WCAG.

10. I did not produce these reports to Defendant because they were created by a non-testifying consulting expert. *See* Fed. R. Civ. P. 26(b)(4)(D)(ii).

11. Should the Court conclude that its resolution of Defendant's motion requires review of any of Non-Testifying Consulting Expert's materials, I will submit them for in camera inspection under seal upon the Court's direction. I would make any such submission at the Court's direction and would do so subject to, and without relinquishing, the protections asserted herein.

**Counsel's Good-Faith Assessment**

15. Throughout the prosecution of this action, I continually assessed whether the injunctive relief sought in Plaintiff's Complaint remained necessary, based on the totality of the information available to me at each point in time.

16. At no point before June 18, 2026 did the information available to me indicate that the Website had achieved conformance with WCAG or that the barriers alleged in the Complaint had been substantially remediated.

17. I received and reviewed the accessibility reports Defendant produced on September 24, 2025, October 3, 2025, and October 14, 2025. I did not treat those reports as resolving the question whether the Website remained inaccessible, for several reasons. Those reports were prepared at Defendant's direction and reflected, at most, the state of the Website as of particular dates. Because website content and code change continuously, a report reflecting the state of a

website on a given date does not establish that it remained in conformance thereafter. And the information that became available to me after the dates of Defendant's reports did not indicate that the Website had achieved conformance. My professional judgment that this action remained supported was made in good faith, based on the information available to me at the time, as described above.

18. I did not continue the prosecution of this matter for the purpose of delay, harassment, or increasing the cost of the litigation to Defendant, and neither I nor Equal Access Law Group, PLLC, took any step in this action for any such purpose.

**Prompt Dismissal**

19. Upon receipt of the June 18, 2026 information, I concluded for the first time that the injunctive relief Plaintiff sought was no longer necessary.

20. That same day, on or about June 18, 2026, our firm promptly communicated with the client and sought a stipulation of dismissal from defense counsel. Defendant did not respond substantively until on or about July 3, 2026. The parties were unable to agree to a stipulation of dismissal because Defendant conditioned any stipulation on Plaintiff's payment of Defendant's attorneys' fees and insisted on terms beyond dismissal with prejudice.

21. On July 7, 2026, our Firm promptly moved to dismiss this case under Fed. R. Civ. P. 41(a).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 12, 2026, at Chicago, Illinois.

David Baldemar Reyes