**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBBIE PITTMAN, *on behalf of herself and all others similarly situated*, Plaintiff<br><br>v.<br><br>GAVRIELI BRANDS, LLC, Defendant | No. 25 CV 7938<br><br>Judge Jeremy C. Daniel |

## ORDER

The plaintiff's motion to dismiss with prejudice [32] is granted in part and denied in part. The case is dismissed with prejudice, but the Court awards the defendant attorneys' fees related to the defendant's requests for production and interrogatories. The defendant's cross-motion for attorneys' fees and sanctions [39] is granted in part and denied in part. The plaintiff's motion for leave to file a sur-reply [47] is denied. On or before September 17, 2026, the defendant's counsel shall file with the Court a statement of fees incurred in the course of their representation of the defendant as related to their requests for production and interrogatories. Any objections to the defendant's statement of fees are due on or before September 24, 2026.

## STATEMENT

**Background and Procedural History**

This case is before the Court on Plaintiff Debbie Pittman's motion for voluntary dismissal with prejudice and Defendant Gavrieli Brands, LLC's ("Gavrieli") cross-motion for attorneys' fees and sanctions. (*See generally* R. 32; R. 39.) The plaintiff, who is visually impaired and legally blind, alleges that the defendant's website, through which she attempted to purchase a pair of shoes, had numerous accessibility barriers. (R. 1 ¶ 39.)[1] She brings claims for violation of Title III of the Americans with Disabilities Act (ADA), for a declaratory judgment that the defendant is in violation of the ADA, and for negligent infliction of emotional distress. 42 U.S.C. §§ 12181, *et seq*.; 28 U.S.C. § 2201; (R. 1 ¶¶ 65, 73, 76.) She seeks injunctive and declaratory relief. (*Id.* at 19.)

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

The defendant answered the complaint, (R. 13,) and the parties began discovery, (R. 15). Eight days before the close of fact discovery, the plaintiff filed a motion to voluntarily dismiss the case with prejudice, arguing that her continued evaluation of the accessibility barriers on the defendant's website led her to the belief that injunctive relief was no longer necessary. (R. 32 at 4.) After conferring with the defendant, who declined to stipulate to dismissal, the plaintiff moved to dismiss under Rule 41(a)(2), "with each side to bear its own attorneys' fees and costs." (*Id.* at 4); Fed. R. Civ. P. 41(a)(2). The defendant opposes that motion as to attorneys' fees only and cross-moves for attorneys' fees and sanctions. (*See generally* R. 40); 28 U.S.C. § 1927.

**Legal Standards**

Under the ADA, a court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs[.]" 42 U.S.C. § 12205. "Fees should be awarded to prevailing plaintiffs as a matter of course, but prevailing defendants should recover only when forced to litigate claims that are frivolous, unreasonable, or pursued in bad faith." *Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 520 (7th Cir. 2003) (citing *Adkins v. Briggs & Stratton Corp.,* 159 F.3d 306, 307 (7th Cir. 1998)).

Under 28 U.S.C. § 1927, a party "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[Section] 1927 sanctions require a showing of either subjective or objective bad faith." *Pable v. Chi. Transit Auth.*, 145 F.4th 712, 725 (7th Cir. 2025) (citing *Dal Pozzo v. Basic Mach. Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006)). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989).

**Analysis**

**ADA Attorneys' Fees**

The defendant opposes the part of the dismissal order that states that each party will bear its own attorneys' fees and costs. (R. 40 at 2 n.1.) In its cross-motion for attorneys' fees, the defendant first argues that the plaintiff's claims were baseless at the action's commencement and throughout the pendency of the case. (*Id.* at 7–11.) Specifically, the defendant asserts that "there is no regulation governing the standard for website accessibility under Title III of the ADA, only Department of Justice ("DOJ") guidance, issued in March 2022, which notes that businesses have 'flexibility' with respect to compliance." (R. 40 at 7 (citing Dep't of Justice, *Guidance on Web*

*Accessibility and the ADA* (March 18, 2022), *available at* https://www.ada.gov/resources/web-guidance/ (last visited Aug. 28, 2026).)

But multiple courts in this district have held that a plaintiff who alleges website accessibility problems under Title III states a claim. *See, e.g., Colon v. HY Supplies, Inc.*, No. 22 CV 5915, 2023 WL 7666740 (N.D. Ill. Nov. 15, 2023); *Walsh v. Dania Inc.*, 716 F. Supp. 3d 655 (N.D. Ill. 2024). The Court does not evaluate this plaintiff's claim under a Federal Rule 12(b)(6) standard at this time, but such rulings are sufficient to show that the plaintiff's claim is, at the very least, colorable and not frivolous. *See In re Olympia Brewing Co. Sec. Litig.*, 613 F. Supp. 1286, 1303–04 (N.D. Ill. 1985) (citing *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980)).

The defendant's arguments about the plaintiff's rate of filing are similarly unavailing. (R. 40 at 8.) Any determination of the alleged frivolity of this lawsuit does not turn on any of the other cases filed by this plaintiff. *See Cole v. Kingsmen Premium, LLC*, 25-cv-10905, 2026 WL 2123172, at *3 (N.D. Ill. Jul. 23, 2026) (holding that "the fact that Cole has filed similar lawsuits is not relevant").

Finally, the Court rejects the defendant's argument that the plaintiff's continued litigation after being presented with the defendant's accessibility was, on its face, frivolous. (R. 40 at 8–11.) The defendant cites no case law for the proposition that a party presented with adverse evidence and continues in litigation does so unreasonably or in bad faith. Discovery was ongoing at the time the plaintiff filed its voluntary dismissal, and though it is clear from the record that the plaintiff was derelict in engaging in discovery, this does not reflect on the broader point that adverse evidence is a reason for a party to no longer litigate its claims.[2] *See Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978).

Accordingly, the defendant's motion for fees under 42 U.S.C. § 12205 is denied.

**Section 1927 Fees**

The defendant next argues that the plaintiff's counsel has engaged in bad faith and egregious misconduct throughout the litigation. (R. 40 at 11–14.) First, it points to the plaintiff's counsel's lack of response to any of the defendant's requests for discovery; failure to preserve evidence related to the plaintiff's accessing of the website, including historical internet browser artifacts, browser history, URLs accessed, cookies, IP address(es), or related computer data for dates she visited the website; refusal to produce the plaintiff's laptop computer for forensic examination; and engagement in delay tactics. (*Id.* at 11–12.) Second, the defendant notes that the

---

[2] The Court need not address the parties' dispute regarding the plaintiff's non-testifying consulting expert and the parties' dueling accessibility reports because it finds that, even in the absence of the expert report, the defendant is not entitled to fees under § 12205.

plaintiff's counsel's timing in filing the voluntary dismissal motion is indicative of bad faith and egregious misconduct. (*Id.* at 13–14.)

Based on the record before this Court, the Court finds that the plaintiff's counsel did, in fact, engage in unreasonable and vexatious litigation practices under § 1927.

Requests for Production and Interrogatories

The defendant served its first requests for production and interrogatories on the plaintiff on October 23, 2025. (R. 40-1 ¶ 23.) The plaintiff served her responses and objections to the first requests on November 22, 2025, without a document production. (*Id.* ¶ 25.) In response to the defendant's discovery deficiency letter and subsequent follow-up email requests for updates, the plaintiff supplemented her responses and objections on February 20, 2026, again without a document production. (*Id.* ¶¶ 26–33.) The plaintiff served a second supplemental set of responses on April 10, 2026. (*Id.* ¶ 40.) While a party is allowed to object in good faith to requests for production, here, the plaintiff stated multiple times that she would "produce non-privileged documents in her possession[.]" (*See, e.g.*, R. 40-17 at 19.) To fail to produce any documents almost four months after being served with requests for production evinces dilatory conduct.

The defendant's first request for production and interrogatories also included questions and requests about the plaintiff's internet networks and IP addresses. (*See* R. 40-17; R. 40-22.) In his February 20 response to a request for production for internet networks and IP addresses used to access the website, the plaintiff's counsel stated that the plaintiff uses a "standard residential internet connection." (R. 40-17 at 28.) On April 7, the plaintiff's counsel agreed to provide the IP address associated with the plaintiff's laptop. (R. 40-1 ¶ 39.) In the April 10 second supplemental responses to the interrogatories, the plaintiff's counsel stated that the plaintiff "accessed [the website] exclusively through a hotspot connection using her Dell laptop. Due to the nature of hotspot-based connections, it is commonly understood that IP addresses are dynamically assigned and may change each time the device connects to or disconnects from the hotspot network." (R. 40-22 at 6.) The plaintiff verified the latter response under penalty of perjury. (*Id.* at 7.) These appear to be shifting, as well as delayed, explanations for not providing the IP address as promised, which may or may not have been preserved. The plaintiff's counsel's conduct in providing these responses demonstrate that he stalled and obfuscated, and thus "multiplie[d] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927.

This conduct is exacerbated by a failure to preserve evidence in the face of litigation. The plaintiff, who herself filed this lawsuit, seemingly did not preserve "historical IP address records, logs, screenshots, or other records reflecting the access at issue" (though the plaintiff's later agreement to provide the IP address with the laptop may

suggest otherwise). (R. 40-21 at 2.) The Seventh Circuit has held that parties have an affirmative duty to preserve evidence that may be relevant to the litigation. *Smith Barney, Inc. v. Schell*, 53 F.3d 804, 807 (7th Cir. 1995). Notably, for a plaintiff, this does not simply include evidence underlying the merits of their claims—it involves any evidence that is possibly relevant. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 929 (N.D. Ill. 2021) (holding that a plaintiff "must preserve what it knows and reasonably ought to know is relevant to possible litigation and is in its possession, custody, or control"). The plaintiff's counsel, presumably aware of this duty, wrote and signed the complaint. He did so either not knowing if he had the requisite evidence to engage in discovery, or aware that the evidence did not exist and filing anyway.

The plaintiff's counsel does not provide a meaningful response except to point out that the defendant could have filed a motion to compel regarding discovery disputes. (R. 45 at 12–13.) While this was certainly an option to advance the litigation, he cites no authority for the proposition that doing so is a requirement for relief under § 1927. Courts evaluating sanctions motions under Rule 37 and § 1927 engage in different routes of analysis for each: for Rule 37 sanctions, the conduct is based on the failure to comply with a motion to compel, which necessarily requires the motion to compel as a prerequisite to relief. But with § 1927, courts instead look at the counsel's conduct throughout the course of the litigation and do not require that a party have filed a motion to compel first. *See, e.g., Pable*, 145 F.4th at 722–26; *see also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 517 (4th Cir. 2018) (affirming the district court's decision to not impose a duty to compel discovery to levy sanctions under § 1927); *Apex Oil v. Belcher Co. of N.Y., Inc.*, 855 F.2d 1009, 1019 (2d Cir. 1988) ("We do not pause to examine whether the federal rules provide a remedy for Belcher's failure to grant particular requests for discovery without requiring Apex to file a motion to compel.").

The Court therefore awards fees to the defendant's counsel based on the actions, or lack thereof, of the plaintiff's counsel as to the requests for production and interrogatories.

<u>The Plaintiff's Deposition</u>

The defendant next argues that the plaintiff continued to not have any intention of litigating the case and engaging in discovery, as evidenced by the voluntary dismissal being filed one day after the defendant noticed the plaintiff's deposition. (R. 40 at 12.) On June 17, 2026, the defendant's counsel emailed the plaintiff's counsel to notify him that the defendant would be seeking judicial intervention on the discovery disputes and further seeking discovery. (R. 40-1 ¶ 63.) The plaintiff's counsel called the defendant's counsel the next day to ask whether the latter would stipulate to dismissal of the action and sent a proposed stipulation to the defendant's counsel. (*Id.* ¶ 64.) The defendant sent its own version of the stipulated dismissal on July 3, 2026,

and on July 6, 2026, the defendant noticed the plaintiff's deposition for July 14, 2026. (*Id.* ¶¶ 65–66.) The plaintiff filed her motion for voluntary dismissal on July 7, 2026. (*Id.* ¶ 67.) From this timeline, the defendant's counsel asks this Court to infer that the plaintiff engaged in bad faith because of the proximity in timing from the notice of deposition to the filing of the voluntary dismissal. (R. 40 at 12.)

The plaintiff's counsel's response is that he received a report from a non-testifying consulting expert on June 18 that "concluded that the Website had reached substantial conformance" with accommodation guidelines. (R. 45-1 ¶ 9(e).) Based on this report, he concluded that the injunctive relief the plaintiff sought was no longer necessary. (*Id.* ¶ 19.) That day, he reached out to the defendant's counsel regarding a stipulated dismissal, and upon receipt of the defendant's counsel's version of the proposed dismissal on July 3, "promptly moved to dismiss this case" on July 7. (*Id.* ¶ 20.)

The Court finds that the plaintiff's counsel's conduct does not meet the high standard of unreasonable and vexatious conduct that the defendant argues exists here. It is reasonable that the timing of the plaintiff's expert report provided the basis for the voluntary dismissal timing, as opposed to the plaintiff's deposition notice. The Court will therefore not award fees based on an inference of what the plaintiff's counsel's timing may entail.

Statement of Fees

The Court grants the plaintiff's motion to voluntarily dismiss as to dismissal with prejudice but denies it as to the attorneys' fees. The Court grants the defendant's cross-motion for attorneys' fees in part under 28 U.S.C. § 1927 for the plaintiff's counsel's misconduct related to the defendant's requests for production and interrogatories. The Supreme Court and the Seventh Circuit have held that § 1927's "because" phrasing means that the prevailing party "may recover 'only the portion of his fees that he would not have paid but for' the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 (2017) (citing *Fox v. Vice*, 563 U.S. 826, 836 (2011)); *Pable*, 145 F.4th at 725. The defendant's counsel has provided a rough estimate of the fees at $31,000, but this is an overbroad figure that includes the entire course of the representation. (*See* R. 40-1 ¶ 71.) The defendant's counsel is therefore ordered to file on the docket a statement of fees incurred in the course of their representation of the defendant that is attributable to only the requests for production and interrogatories. This may include, but is not limited to, drafting, meet-and-confers conferences, communications with the plaintiff's counsel, and other associated expenses.

Date: September 3, 2026

JEREMY C. DANIEL
United States District Judge